**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TANIELLE SHURNEY,         )<br>                           )<br>         Plaintiff,        )<br>                           )       Civil Action No. 05-196E<br>     V.                    )       Judge Sean J. McLaughlin<br>                           )<br>SCOTT ENTERPRISES, INC.;   )<br>TROOPER SEAN PIERCE;       )<br>JOHN DOE,                  )<br>                           )<br>         Defendants.       ) | |

**BRIEF IN SUPPORT OF DEFENDANT PIERCE'S MOTION TO DISMISS**

**I.  STATEMENT OF THE CASE**

**A. Facts contained in the complaint**

Plaintiff, Tanielle Shurney, is an adult individual residing in East Cleveland, Ohio. On July 3, 2004, plaintiff was arrested by defendant Pierce after checking into a hotel under a reservation made with a purportedly stolen credit card. Plaintiff brings the instant action pursuant to 42 U.S.C. §1983 against defendants Pierce, and unidentified supervisory trooper defendant, and Scott Enterprises, Inc., the operator of the hotel business.

**B. Claims contained in the complaint**

While not entirely clear given the complaint, plaintiff appears to raise claims of false arrest and false imprisonment, and perhaps a claim of malicious prosecution. More specifically, plaintiff's complaint includes a general Fourth Amendment claim including

claims that defendant Pierce and some unidentified supervisor violated plaintiff's rights by detaining and arresting her without probable cause and falsely imprisoning her.[1]

The Court of Appeals for the Third Circuit views these claims as claims of false arrest or imprisonment. See Gibson v. Superintendent of New Jersey Dept. of Law and Public Saftey, --- F.3d ---, 2005 WL 1393752 at * 6 (Jun. 14, 2005); see also, Porterfield v. Lott, 156 F.3d 563, 568 (4th Cir.1998) ("[A]llegations that a warrantless arrest or imprisonment was not supported by probable cause advanced a claim of false arrest or imprisonment ...."). Given the complaint, plaintiff has failed to state a claim of false arrest and false imprisonment.

Despite not being specifically raised within the complaint, plaintiff may be attempting to assert a malicious prosecution claim. While the line between a false arrest claim and a malicious prosecution claim may not be readily apparent to a plaintiff, both claims may necessarily need to be addressed by the Court in determining whether a plaintiff has failed to state a claim upon which relief may be granted.[2] Even assuming

---

[1] The Office of the Attorney General does not represent Commonwealth defendants idenitifed merely as John Doe. Had plaintiff specifically identified a supervisory defendant employed with the Pennsylvania State Police, this Office may well have represented that defendant, and may well do so upon identification of the appropriate individual.

[2] The blurring of the distinction between a false arrest claim and a malicious prosecution claim is augmented by the fact that case law appears to occasionally use the terms somewhat interchangeably. As noted above, the recent trend, as reflected in Wright v. City of Philadelphia, 409 F.3d 595 (3d Cir., June 6, 2005), follows the same analysis as Morales v. Busbee, 972 F.Supp. 254 (D.N.J., 1997) and analyzes a false arrest claim as one from the time of seizure to arraignment and one that turns upon the question of whether the arrest satisfied the tenets of a lawful legal process. Other case law, on the other hand, measures the question of a false arrest using the same elements of a malicious prosecution claim, without actually identifying the legal line of demarcation of where one claim stops and the other starts. See, e.g., Orsatti v. N.J. State Police, 71 F.3d 480 (3d Cir. 1995); Groman v. Township of Manalapan, 47 F.3d 628 (3d Cir. 1995).

that plaintiff did attempt to include a claim of malicious prosecution, she has nevertheless failed to state a claim for which relief can be granted.

## II. STANDARD OF REVIEW

Pursuant to Fed.R.Civ.P. Rule 12(b)(6), a motion to dismiss cannot be granted unless the court is satisfied that "no relief could be granted under any set of facts that could be proved consistent with the allegation." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957). The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. *See* Neitzke v. Williams, 490 U.S. 319 (1989); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). The complaint must be read in the light most favorable to the plaintiff and all well-pleaded, material allegations in the complaint must be taken as true. *See* Estelle v. Gamble, 429 U.S. 97 (1976).

## III. ARGUMENT

**A. Protections afforded under the Fourth Amendment**

The Fourth Amendment provides that people are "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures,... and no Warrants shall issue, but upon probable cause." U.S. Const. amend. IV. An arrest by a law enforcement officer without a warrant "is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed." Devenpeck v. Alford, --- U.S. ----, 125 S.Ct. 588, 593, 160 L.Ed.2d 537 (2004). To make out false arrest under § 1983, Plaintiff must show that defendant Pierce unlawfully detained her. See, e.g., Dowling v. City of Pennsylvania, 855 F.2d 136, 141 (3d Cir.1988); Renk v. City of Pittsburgh, 537 Pa. 68, A.2d 289, 293 (Pa.1994); Taylor v.

3

City of Philadelphia, No. 03-3068, 2004 U.S. Dist. LEXIS 9422, *44-45 (E.D.Pa. May 20, 2004).  The complaint fails to state a claim of false arrest, and therefore should be dismissed.

While probable cause is the issue upon which a Fourth Amendment claim turns, the legal affect of probable cause has a slightly different meaning in the context of a false arrest claim as it does in a malicious prosecution claim.  As will be explained further, "the existence of probable cause to arrest a plaintiff is fatal to a § 1983 claim based on false arrest." Morley v. Phila. Police Dep't., No. 03-880, 2004 U.S. Dist. LEXIS 12771, *32 n. 14 (E.D.Pa. July 7, 2004); Tarlecki v. Mercy Fitzgerald Hospital, No. 01-1347, 2002 U.S. Dist. LEXIS 12937 (E.D.Pa. July 15, 2002) (probable cause will defeat a claim for false arrest).  Concomitantly, the existence of probable cause is also fatal to a claim of malicious prosecution.

**B. False arrest claim**

    **1. Pennsylvania warrantless arrests**

To determine whether an arrest is valid, courts look to the law of the state where the arrest took place. Wright v. City of Philadelphia, 409 F.3d 595 (3d Cir., June 6, 2005) (citing United States v. Myers, 308 F.3d 251, 255 (3d Cir.2002)).  Under Pennsylvania law, police officers can execute warrantless arrests for any grade of theft and attempted theft.  See 18 Pa.Cons.Stat.Ann. § 3904.  One of the crimes for which plaintiff was arrested was theft by deception.  18 Pa.Cons.Stat.Ann. § 3922.

    **2. Confinement imposed by legal process**

The Supreme Court has held that where confinement has been "imposed pursuant to a legal process", damages may not be sought under a claim of false arrest.  Heck v.

4

Humphrey, 512 U.S. 477, 484, 114 S.Ct. 2364, 2371 (1994); see also, Morales v. Busbee, 972 F.Supp. 254, 266 (D.N.J., 1997). In light of the facts pled in the complaint, as well as the documents attached by plaintiff to the complaint, there can be no question that the proper legal process was followed in this arrest.

Pursuant to state procedural law and County of Riverside v. McLaughlin, 500 U.S. 44 (1991), in cases of warrantless arrests, a defendant state trooper is obligated to file a prompt criminal judicial complaint and then to seek and to obtain a prompt judicial determination of the existence of probable cause to support plaintiff's arrest and continued detention or bail, from a district justice, the issuing authority. Within this process, the district justice's determination of probable cause is based upon an affidavit of probable cause submitted by the trooper. Pa.R.Crim.P. Rules 502, 519, 540(D). This occurred and the district justice issued an arrest warrant based upon the trooper's affidavit that satisfied the constitutional demand for a prompt judicial determination of probable cause imposed by County of Riverside. See documents attached to complaint.[3]

The incident complained about occurred on July 3, 2004. Complaint, ¶ 5. After checking in to the hotel on that day, defendant Pierce approached plaintiff and arrested her. That same day, defendant Pierce executed an affidavit of probable cause, and plaintiff appeared before a district magistrate, was arraigned, and committed to the Erie Co. Jail in lieu of bail. See Police Criminal Complaint and supplemental investigation

---

[3] Courts may consider matters of public record, orders, exhibits attached to the complaint, and items appearing in the record of the case in considering a motion to dismiss under Rule 12(b)(6). Oshiver v. Levin, Fishbein, Sedran, & Berman, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994); Chester County Intermediate Unit v. Pennsylvania Blue Shield, 896 F2d 808, 812 (3d Cir. 1990); DiNicola v. Dipaolo, 945 F.Supp. 848, 854 n.2 (W.D.Pa, 1996).

report attached to complaint. As such, the proper legal process was followed in this case, and the claim for false arrest and false imprisonment fails.

### 3. False arrest claim ceases at arraignment

Frankly, any claim of false arrest is specifically limited to the day July 3, 2004, as opposed to the period from July 3, 2004, until July 9, 2004, the day plaintiff was released after posting bail. "'If there is a false arrest claim, damages for that claim cover the time of detention up until issuance of process or arraignment, but not more.'" Heck v. Humphrey, 512 U.S. at 484 (quoting W.Keeton et al., Prosser and Keeton on Law of Torts 888 (5th Ed. 1984)). Given the fact that plaintiff was arrested pursuant to Pennsylvania statutory authority, and that the process defined under the Pennsylvania rules of criminal procedure, that are themselves consistent with the requirements of legal process as defined by the Supreme Court, was followed, plaintiff has no claim for false arrest of false imprisonment.

## C. Plaintiff fails to state a malicious prosecution claim

The elements of a malicious prosecution claim are as follows: (1) the defendant initiated a criminal proceeding, (2) the proceeding ended in the plaintiff's favor, (3) the proceeding was initiated without probable cause, and (4) the defendant acts maliciously or for a purpose other than bringing the defendant to justice. Morales v. Busbee, 972 F.Supp. 254 (D.N.J. 1997). Simply stated, plaintiff defeated any ability to recover on a malicious prosecution claim by pleading the existence of probable cause to make the arrest.

Probable cause exists for an arrest if "at the moment the arrest was made ... the facts and circumstances within [the officers'] knowledge and of which they had

6

reasonably trustworthy information were sufficient to warrant a prudent man in believing that [the suspect] had committed or was committing an offense." Wright, *supra* (quoting Beck v. Ohio, 379 U.S. 89, 91 (1964); see also Rogers v. Powell, 120 F.3d 446, 453 (3d Cir.1997) (probable cause exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested). Along those same lines, the constitutional validity of the arrest does not depend on whether the suspect actually committed any crime, but on the existence of probable cause. Johnson v. Campbell, 332 F.3d 199, 211 (3d Cir.2003).

Looking at the facts pled within the complaint, there is no question as to the existence of probable cause. Plaintiff admits that the victim of the offense, an employee of the hotel, made a bona fide complaint to the police about the hotel room reserved using a reportedly stolen credit card number. Complaint ¶ 7, 10, an 11. There is no suggestion to repudiate the premise that the credit card used to make the reservation was a stolen card. Quite the contrary, attached to complaint is a summary of the interview of plaintiff following her arrest and waiver of rights, which says in relevant part that she was not the person who made the reservation, that she did not have the credit card that was used, and that she never attempted to confirm the reservation prior to checking in on the day she was arrested. See Continuation sheet to the police report attached to the complaint. Furthermore, the complaint establishes that plaintiff did, in fact, attempt to gain entry into the room reserved with the purportedly stolen credit card. Complaint ¶ 5 and registration form attached to complaint.

Given the description of the events that plaintiff readily admits, there can be no question that a reasonable police officer, presented with these facts, would have reasonably concluded that a crime had been committed or was being committed by plaintiff. Accordingly, plaintiff has failed to state a claim for which relief can be granted.

**D.  Plaintiff fails to state a failure to supervise claim[4]**

A defendant must be shown by the allegations contained in the Complaint to have been personally involved or have actual knowledge of an acquiesced in the commission of the wrong. *See* Rizzo v. Goode, 423 U.S. 362 (1976). Liability can only be imposed if that official played an "affirmative part" in the complained of misconduct. *See* Chincello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986).

The supervisory official's misconduct cannot be merely a failure to act. *See* Commonwealth of Pennsylvania v. Porter, 659 F.2d 306, 336 (3d Cir. 1981), cert. denied, 458 U.S. 1121 (1982). Although a supervisor cannot encourage constitutional violations, a supervisor has "no affirmative constitutional duty to train, supervise or discipline so as to prevent such conduct." Brown v. Grabowski, 922 F.2d 1097, 1120 (3d Cir. 1990), *cert. denied*, 111 S.Ct. 2827 (1991). The supervisor must be personally involved in the alleged misconduct. *See* Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). To impose liability on a supervisory official there must be "both (1) contemporaneous knowledge of the offending incident or knowledge of a prior pattern of similar incidents, and (2) circumstances under which the supervisor's assertion could be found to have

---

[4] Plaintiff brings a claim against an unidentified trooper supervisory defendant. As noted above, the Office of the Attorney General does not represent parties identified as John Doe. Nevertheless, given the context of the complaint and the ability of plaintiff to subsequently identify the described party, the following argument is presented in order to demonstrate that any attempt to amend the complaint by identifying the party would be futile.

communicated a message of approval to the offending subordinate." Colburn v. Upper Darby Township, 838 F.2d 663, 673 (3d Cir. 1988), *cert. denied*, 489 U.S. 1065 (1989). Section 1983 liability cannot be predicated solely on *respondeat superior*. *See* Rizzo v. Good, 423 U.S. 362 (1972).

In the instant case, Plaintiff has named an unidentified supervisor trooper in his capacity as defendant Pierce's supervisor. See Complaint ¶4. Plaintiff has not established that any supervisory trooper defendant had contemporaneous knowledge of the events alleged to have taken place with regard to defendant Pierce, nor of a pattern of similar conduct on the part of defendant Pierce. Id. Nor does Plaintiff allege that the supervisory trooper defendant in any way encouraged defendant Pierce to partake in the alleged Constitutional violations. Id.

In this regard, Plaintiff's claims against the supervisory trooper defendant are based entirely upon a theory of *respondeat superior*, and must, accordingly, be dismissed.

## IV.  CONCLUSION

WHEREFORE, Plaintiff's claims against defendant Pierce should be dismissed.

>Respectfully submitted,
>
>**Thomas W. Corbett, Jr.**
>Attorney General

BY:  \s\ Christian D. Bareford
>CHRISTIAN D. BAREFORD
>Deputy Attorney General
>PA I.D. No. 83982
>
>SUSAN J. FORNEY
>Chief Deputy Attorney General
>Chief Litigation Section

OFFICE OF ATTORNEY GENERAL
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA  15219

(412) 565-7680

Date: July 15, 2005