WESTERN DISTRICT OF PENNSYLVANIA

(ERIE)

| | |
|---|---|
| TANIELLE SHURNEY,<br>    Plaintiff | : <br> : <br> : |
| VS. | :    NO. CA 05-196E <br> : |
| SCOTT ENTERPRISES INCORPORATED<br>T/D/B/A ECONOLODGE/SPLASH LAGOON | :    JURY TRIAL REQUESTED <br> : <br> : |
| SEAN PIERCE, INDIVIDUALLY AND IN<br>HIS CAPACITY AS A TROOPER OF THE<br>PENNSYLVANIA STATE POLICE | : <br> : <br> : <br> : |
| JOHN DOE, INDIVIDUALLY AND IN HIS<br>CAPACITY AS THE SUPERVISOR OF<br>TROOPER SEAN PIERCE OF THE<br>PENNSYLVANIA STATE POLICE,<br>    Defendants | : <br> : <br> : <br> : <br> : |

**PLAINTIFF'S RESPONSE**

In response to Defendant Pierce's 12-b-6 Motion, the Plaintiff is in agreement that the relief sought cannot be granted unless the Court is satisfied that "no relief could be granted under any set of facts that could be proved consistent with the allegation". Hishon v. King Spaulding, 467 U.S. 69, 73 (1984).

It is not disputed that the Plaintiff registered using her name and identifying information. Further, Defendant Pierce is not contesting that the Plaintiff was subject to a warrantless felony arrest, incarcerated for a week and that the charges were dismissed by the District Justice for lack of probable cause.

What would cause Defendant Pierce to believe that the Plaintiff had done anything wrong?

What would Defendant Pierce have done if a deputy attorney general would have registered at the hotel and it turned out that his secretary had accidently or intentionally held the room with a stolen credit card?

If the Plaintiff had any knowledge that the reservation was held by a stolen credit card, why would she sign her own name and provide other identifying information?

Why wouldn't the Plaintiff reasonably believe that a third parties' agreement to hold the reservation would be done with a legitimate credit card?

Given that the economic loss Defendant Pierce was trying to prevent was the Plaintiff and the two children sleeping in the hotel on one evening and swimming at Splash Lagoon, what prevented him from obtaining the Plaintiff's identification and referring this matter to the District Attorney?

Wouldn't Defendant Pierce consider the possibility that a person without a credit card would ask a third party to hold a reservation and then pay for the room using cash or other means?

Wouldn't Defendant Pierce consider the possibility that the Tanya Traylor's credit card wasn't stolen when the reservation was made but was reported stolen afterward?

-- that merely securing a reservation is not a theft but merely a means to hold a room on what turned out to be a long holiday weekend;

-- that the Plaintiff unwittingly paid full value for the room package to a third party who then secured the reservation with a stolen credit card;

-- that a person who had knowledge that the room was secured with a stolen credit card would not register using her real name and identifying information;

-- that the Plaintiff never used an access device but simply signed a registration form using her own name and vehicle information;

-- that the Plaintiff never exhibited a credit card or indicated that Tanya Traylor authorized her use of the purportedly stolen card;

-- that the card used to secure the reservation was not stolen and that the reservation clerk erred in memorializing the credit card number.

On September 1, 2004 the Commonwealth's Attorney General was apprised of the situation via letter by Plaintiff's counsel.

Given the obvious indication that the Plaintiff was a victim of racially motivated false arrest, false imprisonment. and/or malicious prosecution, one would surmise that Pennsylvania's chief law enforcement officer would hesitate before aligning himself with the named defendants.

Perhaps there is something that led the Attorney General to conclude that the Plaintiff was not a victim, some evidence that justified the Defendants' conduct.

So where is the answer and new matter? What affirmative defenses caused the Attorney General to sanction the Defendants' conduct? Surely, he is sensitive to the rights of African-American tourists who visit from out of state. What did Tannielle Shurney do to justify being arrested?

An innocent African-American mother registered at the Defendant's hotel using her name and identifying information and was arrested in front of her family and lodged

the Erie County Jail for a week. There was no reason to arrest her and all of the charges were dismissed for lack of probable cause.

A jury must compensate her for this outrage and punish the Defendants accordingly.

Defendant Pierce's 12-b-6 Motion defines the term frivolous and he should be sanctioned.

To allege that there is no conceivable set of facts that could cause the jury to find for Ms. Shurney is not only an affront to her but also to the dignity of this Court.

Respectfully submitted,

_____
A. J. Adams

CERTIFICATION OF SERVICE

A true and correct copy of this response was served upon respective counsel by mailing same to their office addresses on July 28, 2005.

_____
A. J. Adams