IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TANIELLE SHURNEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) Civil Action No. 05-196E |
| | ) Judge Sean J. McLaughlin |
| SCOTT ENTERPRISES, INC.; | ) |
| TROOPER SEAN PIERCE; JOHN | ) |
| DOE, | ) |
| | ) |
| Defendants. | ) |

**REPLY TO PLAINTIFF'S RESPONSE TO
DEFENDANT PIERCE'S MOTION TO DISMISS**

AND NOW, here comes defendant Sean Pierce, by and through his attorneys, Thomas W. Corbett, Jr., Attorney General, Christian D. Bareford, Deputy Attorney General, and Susan J. Forney, Chief Deputy Attorney General, Chief Litigation Section, and respectfully submits the following:

Plaintiff, Tanielle Shurney, initiated the instant action by the filing of a complaint on June 22, 2005, raising various common law and Constitutional claims pursuant to 42 U.S.C. §1983. (See Docket #1). On July 15, 2005, defendant Trooper Sean Pierce (hereinafter, Trooper Pierce) filed a Motion to Dismiss with supporting brief. (See Doc. #3; and 4). Plaintiff subsequently filed a Response to Trooper Pierce's Motion (hereinafter, the Response) to Dismiss on August 3, 2005. This brief is filed in reply thereto. (See Doc. #6).

Respectfully, Plaintiff's Response is little more than four pages of rambling, rhetorical inquiry. (See Doc. #6). Aside from a singular citation made in reference to the applicable standard of review, Plaintiff's Response is entirely devoid of case law or citations to any authority whatsoever. Moreover, Plaintiff is attempting a subtle shift in strategy, intended to turn

the focus in this case to the alleged racial bias of Trooper Pierce. To that end it must be noted that, although the complaint at this stage must be read in the light most favorable to the plaintiff (see Estelle v. Gamble, 429 U.S. 97 (1976)), the plaintiff's own bald assertions and unauthenticated suspicions need not be considered. See In re A&P, Sec. Litig., 2004 U.S.App.LEXIS 14175, *5 (3d Cir. July 9, 2004) (in considering a motion to dismiss, the court is "not required to credit bald assertions or legal conclusions"). Aside from the coincidence that Plaintiff is African American and was arrested by Trooper Pierce, Plaintiff fails to allege conduct on the part of Trooper Pierce that would in any way denote a racial animus on his part. (See Doc. #1; and #6).

As such, Trooper Pierce's Motion to Dismiss should be seen as proceeding unfettered, and can also be supplemented by the addition of the arguments set forth below.

**A.     To the extent that Plaintiff raises common law tort claims, Trooper Pierce is entitled to sovereign immunity.**

Although Plaintiff fails to state with specificity the claims she intends to raise in the instant matter, the allegations contained in Plaintiff's complaint can most fairly be read as assertions of false arrest, false imprisonment, and malicious prosecution. (See Doc. #1). These claims are intentional torts under state law. *See* Restat.2d of Torts §35 (regarding false imprisonment and false arrest); Restat.2d of Torts §653 (regarding malicious prosecution).

In 1978, the Pennsylvania General Assembly passed the Act of September 28, 1978, P.L. 788, No. 152, 1 Pa.C.S. §2310, a comprehensive tort claims act which provided sovereign immunity for the Commonwealth and its officials and employees, except in eight (now nine) areas. These exceptions to sovereign immunity are set forth in 42 Pa.C.S. §8522(b), and must be strictly construed. See Crockett v. Edinboro Univ., 811 A.2d 1094, 1096 (Pa.Cmwlth. 2002). Section 8522(b) provides an exhaustive lists of exceptions to the sovereign immunity covering

state actors in Pennsylvania: (1) vehicle liability; (2) medical/professional liability; (3) care, custody, or control of personal property; (4) Commonwealth real estate, highways, and sidewalks; (5) potholes and other dangerous conditions; (6) care, custody, and control of animals; (7) liquor store sales; (8) national guar activities; (9) toxoids and vaccines. See 42 Pa.C.S. 8522(b).

A Commonwealth party entitled to sovereign immunity is defined as a Commonwealth agency and its employees with respect to acts within the scope of their employment. *See* 42 Pa.C.S.A. §8501.

"[A] Commonwealth defendant cannot be held liable for damages arising out of intentional torts." Holt v. Northwest Pennsylvania Training Partnership Consortium, Inc., 694 A.2d 1134, 1137 (Pa.Cmwlth. 1997). Pennsylvania State Troopers are Commonwealth employees and are entitled to such immunity. See Ray v. Pennsylvania State Police, 654 A.2d 140 (Pa.Cmwlth. 1995), aff'd 554 Pa. 260, 676 A.2d 194; Altieri v. Pennsylvania State Police, 2000 WL 427272 (E.D.Pa. 2000). Hence Trooper Pierce is entitled to sovereign immunity. See 42 Pa.C.S. §§ 8521-8522; 1 Pa.Cons.Stat. §2310.

In the instant case, Trooper Pierce was on duty and engaged in activity germane to his role as a Pennsylvania State Trooper when the acts in question occurred. There is no question that the conducting of an investigation and arrest are within the scope of employment for a state trooper. See Costopaulos v. Gibboney, 579 A.2d 985, 988 (Pa.Cmwlth. 1990); see also, LaFrankie v. Miklich, 152 Pa.Cmwlth. 163 (Pa.Cmwlth. 1992) (state trooper was acting within the scope of his duties when he arrested and initiated prosecution, thus was immune from liability in abuse of legal process, malicious prosecution, and false arrest case). Even off duty, out of uniform state troopers are acting within the scope of their duties when conducting an

3

investigation and making an arrest. See Commonwealth of Pennsylvania v. Schwenk, 777 A.2d 1149 (Pa.Superior 2001); Commonwealth v. Eshelman, 477 Pa. 93 (1978). Furthermore, there is no exception to sovereign immunity even when acts may be determined to be malicious, willful, criminal or fraudulent when taken in the course of one's employment. Altieri, 2000 WL at *19, citing Yakowicz v. McDermott, 210 Pa.Cmwlth. 479, 488 n.5 (1988).

Trooper Pierce's actions were for the purpose of enforcing the law, which is the paramount purpose of the Pennsylvania State Police. Therefore, Trooper Pierce should be granted sovereign immunity as to all state tort claims raised by Plaintiff.

**B.    To the extent that Plaintiff raises Constitutional claims pursuant to the Fourteenth Amendment, her claims are barred by the doctrine announced in Albright v. Oliver.**

Although Plaintiff does not state with specificity the legal grounds on which she raises the instant claims, Plaintiff does aver that the instant action has been brought pursuant 42 U.S.C. §1983. (*See* Doc. #1, at II.). In order to state a cognizable claim pursuant to 42 U.S.C. §1983, a plaintiff must allege and prove that "the conduct complained of was committed by a person acting under color of state law" and that the "conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." Shaw v. Stackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990) (citations omitted). A plaintiff must allege facts supporting both elements of a §1983 claim. See Shaw, 920 F.2d at 1141-42.

The Supreme Court has qualified the second element by creating the Explicit Source Rule. The Explicit Source Rule states that:

> Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of substantive due process,' must be the guide for analyzing these claims.

4

Albright v. Oliver, 510 U.S. 266, 273 (1994) citing, Graham v. Conner, 490 U.S. 386, 395 (1989).  Hence, if a particular Amendment is applicable, a plaintiff must bring his or her claim under that Amendment and not under the Fourteenth Amendment's due process claim. See Torres v. McLaughlin, 163 F.3d 169, 172 (3d Cir. 1998) ("we note that Albright commands that claims governed by the explicit constitutional text may not be grounded in substantive due process").

In the instant case, Plaintiff specifically alleges a Fourth Amendment claim, in addition to the ambiguous state law causes of action referenced in her Complaint.  (*See* Doc. #1, at II.).  Therefore, to the extent that the aforementioned ambiguous allegations can be seen to raise a Fourteenth Amendment claim, (or in the event that Plaintiff should attempt to amend the instant Complaint to raise such a claim), it would be prohibited as a matter of law under the Explicit Source Rule.  *See* Albright, 510 U.S., at  273.

**C.     Trooper Pierce is entitled to qualified immunity.**

"A government official is entitled to qualified immunity if his conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  Berg v. County of Allegheny, 219 F.3d 261, 272 (3d Cir. 2000), quoting, Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727 (1982).  "[T]he question is whether a reasonable officer could have believed that his or her conduct was lawful, in light of the clearly established law and the information in the officer's possession." Berg, 219 F.3d at 272.  Qualified immunity may be addressed as early as a motion to dismiss.  See Neuburger v. Thompson, 305 F.Supp.2d 521 (W.D.Pa. 2004), aff'd, 2005 WL 19275 (3d Cir. 2005).

In the instant case, Trooper Pierce's conduct was well inside the bounds of clearly established law.  Trooper Pierce responded to a report that an individual had used a stolen credit

5

card to purchase a hotel room. (See Doc. #1, Pennsylvania State Police Incident Report, attached thereto). Trooper Pierce arrived at the hotel in question and interviewed the hotel employee who had processed Plaintiff's purchase. Id. This employee, Wendy Marie Emery, is listed by name in Trooper Pierce's Incident Report. Id. Ms. Emery provided Trooper Pierce with the stolen credit card number, specifically identified Plaintiff as the individual who purchased a room using said number, and provided Trooper Pierce with a receipt for the purchase signed by Plaintiff. Id. It was only after Trooper Pierce obtained this information that he placed Plaintiff under arrest.

The Third Circuit has held that when a police officer has received a reliable identification by a victim, the police have probable cause to arrest. See Sharrar v. Felring, 128 F.3d 810, 818 (3d Cir. 1997). "The skepticism and careful scrutiny usually found in cases involving informants, sometimes anonymous, from the criminal milieu, is appropriately relaxed if the informant is an identified victim." Sharrar, 128 F.3d, at 818, citing Easton v. City of Boulder, 776 F.2d 1441, 1449 (10th Cir. 1985), cert. denied, 479 U.S. 816, 93 L. Ed. 2d 28, 107 S. Ct. 71 (1986).

As such, Trooper Pierce acted reasonably, both with regard to the law and the information in his possession, in arresting Plaintiff. Plaintiff's claims against Trooper Pierce should therefore be barred by qualified immunity.

WHEREFORE, it is respectfully requested that Trooper Pierce's Motion to Dismiss be granted in his favor.

                Respectfully submitted,

                **Thomas W. Corbett, Jr.**
                Attorney General

BY:   \s\ Christian D. Bareford_____
        CHRISTIAN D. BAREFORD
        Deputy Attorney General
        PA I.D. No. 83982

        SUSAN J. FORNEY
        Chief Deputy Attorney General
        Chief Litigation Section

OFFICE OF ATTORNEY GENERAL
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA  15219

(412) 565-7680

Date: August 5, 2005