

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

**TANIELLE SHURNEY,**         NO 05-196

    Plaintiff,
                                                        (ERIE)

vs.

**SCOTT ENTERPRISES
INCORPORATED t/d/b/a
ECOOLODGE/SPLASH
LAGOON**

**SEAN PIERCE, INDIVIDUALLY
AND IN HIS CAPACITY AS
TROOPER OF THE PENNSYLVANIA
STATE POLICE**

**JOHN DOE, INDIVIDUALLY AND IN
HIS CAPACITY AS THE SUPERVISOR
OF TROPPER SEAN PIERCE OF THE
PENNSYLVANIA STATE POLICE,**

    **Defendants.**

## ANSWER

AND NOW, comes the defendant, Scott's Econo Inn, Inc., (improperly identified by plaintiff as "Scott Enterprises Inc t/d/b/a Econolodge/Splash Lagoon") by its attorneys, BASHLINE & HUTTON, and Gerald J. Hutton, Esquire and states that it has a full, just, complete and legal defense to the allegations contained in the plaintiff's Complaint and in support thereof sets forth the following:

### FIRST DEFENSE

1. The allegations contained in plaintiff's Complaint, I Statement of the Case, are denied as stated. The allegations contained in plaintiff's Complaint, II Jurisdiction are denied as stated and it is

denied that the matter in controversy exceeds the sum specified by 28 USC section 1332, or that this Honorable Court has jurisdiction over this defendant pursuant to 28 USC section 1983 and or 28 USC section 1343(3).

2. Defendant after reasonable investigation is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in plaintiff's Complaint paragraph 1, identifying plaintiff as Tanielle Shurney, residing at 13411, 6th Avenue, East Cleveland, OH 44112, and accordingly said allegations are denied and proof thereof is demanded at trial.

3. The allegations set forth in paragraph 2 of the Complaint identifying this defendant as "Scott Enterprises Inc. t/d/b/a Econolodge/Splash Lagoon" are denied as stated and to the contrary this defendant is properly identified as Scott's Econo Inn, Inc., a Pennsylvania corporation, with a registered corporate address at 8040 Peach Street, Erie, PA 16509. To the extent that plaintiff alleges that this defendant is "Splash Lagoon" said allegations are denied and to the contrary "Splash Lagoon" is a separate Pennsylvania corporation properly identified as Scott's Splash Lagoon, Inc.

4. As to the allegations appearing in paragraphs 3 and 4 of Plaintiff's Complaint they are admitted in part and denied in part. The allegations in paragraph 3 identifying Trooper Sean Pierce as a Pennsylvania State police officer are admitted, however the allegation contained in paragraph 4 identifying trooper John Doe as trooper Sean Pierce's supervisor is denied as stated.

5. Defendant admits that plaintiff on July 3, 2004 registered at Scott's Econo Inn, and that Exhibit 2 to the Complaint is a receipt for the registration.

6. The allegations of paragraph 6 of the Complaint are admitted to the extent that plaintiff alleges that she was arrested by the Pennsylvania State police after registering at the Econolodge. To the extent plaintiff alleges that she was arrested without warrant for felony violation, or that the Pennsylvania State police officer was supervised by defendant John Doe, this defendant is without

knowledge or information sufficient to form a belief as to the truth of the same, and therefore said allegations are denied and proof thereof demanded.

7. The allegations contained in paragraph 7 of the Complaint are expressly denied. It is denied that defendant Scott's Econo Inn, Inc. requested and/or instigated the arrest of the plaintiff. To the contrary defendant is advised that the plaintiff's arrest was initiated by Tonya Y. Taylor, who contacted the Streetsboro, Ohio police department with the report that the use of her credit card to reserve weekend lodging and recreation was without the card owner's knowledge or authorization. Defendant is further advised that the Streetsboro Ohio police department conducted an investigation and requested the assistance of the Pennsylvania State Police regarding the unauthorized use of Tonya Y. Taylor's credit card, which investigation ultimately concluded with plaintiff's arrest for improperly charging and/or attempting to charge weekend lodging to a credit card owned by Tonya Y. Taylor, without Tonya Y. Taylor knowledge or authorization.

8. The allegations contained in paragraph 8 of the Complaint are expressly denied. It is denied that defendant Scott's Econo Inn, Inc ratified the arrest of the plaintiff by aiding in the investigation, arrest and prosecution of the plaintiff. By way of further response defendant incorporates paragraphs 7 and 10 of this Answer as though said paragraphs were set forth in full here.

9. The allegations contained in paragraph 9 of the Complaint are denied as stated. It is denied that employees of this defendant aided in the investigation, arrest and prosecution of the plaintiff. By way of further response defendant incorporates paragraph 7 and 10 of this Answer as though said paragraphs were set forth in full here.

10. The allegations contained in paragraph 10 of the plaintiff's Complaint are expressly denied. It is denied that defendant aided in the investigation arrest and prosecution of the plaintiff as alleged in the Complaint, and in this regard defendant incorporates paragraph 7 of this Answer as

though said paragraph was set forth in full here. To the extent that plaintiff alleges or infers that defendant acted solely to protect its property interest said allegations are expressly denied. To the contrary defendant actions regarding the investigation conducted by the Pennsylvania State Police and the Streetsboro Ohio police department was preformed as a proper corporate citizen responding to the request of police officials.

11. The allegations contained in paragraph 11 of the plaintiff's Complaint are expressly denied. It is expressly denied that this defendant Scott's Econo Inn, Inc. has a policy of pursuing warrentless arrest of individuals who register at its hotel when the reservation was secured via telephone utilizing purportedly stolen credit card information. To the contrary, defendant is advised and therefore believes and avers that plaintiff's arrest was the result of the investigation of an unauthorized use of a credit card, which investigation was instituted by the credit card owner Tonya Y. Taylor.

12. The allegations contained in paragraph 12 of the Complaint are too vague and ambiguous for defendant to respond and accordingly said allegations are denied and proof thereof is demanded at trial.

13. As to the allegations contained in paragraph 13 of the Complaint, defendant states that after reasonable investigation it is without knowledge or information sufficient to form a belief as to the truth of the same and therefore said allegations are denied and proof thereof is demanded at trial.

14. The allegations contained in paragraph 14 of the Complaint are denied as stated. To the extent that further response is required, defendant incorporates paragraph 12 of 13 of this Answer as though said paragraphs were set forth in full here.

15. The allegations contained in paragraph 15 of the Complaint are denied as stated and it is expressly denied that defendant Scott's Econo Inn, Inc has a policy of effectuating the warrentless

arrest of African-American individuals who attempt to register at defendant's hotel. It is expressly denied that the conduct of this defendant was in any manner the result of racial bias or discrimination. To the contrary, defendant denies that it has acted with a racial bias or with discriminatory intent towards the plaintiff, or any other individual referred to, or identified in the plaintiff's Complaint.

16. After reasonable investigation defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint and accordingly said allegations are denied and proof thereof is demanded at trial.

17. After reasonable investigation defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint and accordingly said allegations are denied and proof thereof is demanded at trial.

18. The allegations contained in paragraph 18 of the Complaint are denied. It is denied that the actions of the defendant reflects a reckless and callous indifference to the plaintiff's federally protected rights and to the contrary, defendant did not injure or cause to be injured any of the plaintiff's federally protected rights. By way of further response defendant incorporates paragraphs 7, 10, and 15 of this Answer as though said paragraphs were set forth at length and in full here.

19. The allegations contained in paragraph 19 of the plaintiff's Complaint are expressly denied. It is expressly denied that defendant has a policy of causing the arrest of African American individuals and it is expressly denied that this defendant acted with a reckless callous indifference to plaintiff's rights. By way of further response defendant incorporates paragraphs 7, 10, and 15 of this Answer as though said paragraphs were set forth at length and in full here.

20. As to the allegations appearing in paragraph 20 of the plaintiff's Complaint, defendant acknowledges receiving certified mail from plaintiff's attorney setting forth a demand for money damages and falsely accusing defendant of racially motivated activity. Defendant denies engaging in

any wrongful policy directed to plaintiff or African- American individuals, and defendant expressly denies being liable to plaintiff.

WHEREFORE, defendant Scott's Econo Inn, Inc., demands that judgment be entered its in favor with costs in its behalf sustained and defendant denies that this Court should enter injunction of any nature against defendant; defendant denies that this Court should award compensatory damages to plaintiff; defendant denies that plaintiff should be awarded punitive damages; and defendant denies that plaintiff should be awarded attorney's fees cost or other expenses.

## SECOND DEFENSE

21.   Plaintiff's complaint fails to set forth a claim upon which relief can be granted.

## THIRD DEFENSE

22.   Defendant is advised and therefore believes and avers that the arrest and prosecution of plaintiff were the result of the acts or conduct of the plaintiff in placing, or causing to be placed, a charge for weekend reservations on the credit card of Tonya Y. Taylor, which Tonya Y. Taylor reported to the police was without her knowledge or permission, and for which the defendants are not liable or responsible to plaintiff.

## FOURTH DEFENSE

23.   At all times relevant hereto, defendant acted in a reasonable and proper manner, in good faith, and for the sole purpose of cooperating with the police authorities in their investigation of credit card fraud instituted by the owner of the credit card provided in placing the plaintiff's reservation at the Econo Lodge and Splash Lagoon.  To the extent that plaintiff alleges that defendant or its officer or agents, servants or employees acted in an improper manner or contrary to the standards applicable to these defendant, said allegations are denied and to the contrary, defendant acted in good faith and in accordance with standards applicable to a corporate citizen.

## FIFTH DEFENSE

24. Defendant denies that it or its employees acted in a negligent, willful or malicious manner towards plaintiff and further denies that it falsely arrested plaintiff, wrongfully inflicted emotional distress on plaintiff, wrongfully used civil process against plaintiff, denied constitutional rights of plaintiff, violated plaintiff's Fourth or Fourteenth Amendment rights, or other rights secured by the Constitution, constitutional amendment or law, or discriminated against plaintiff, or entered into a conspiracy to harm or injure plaintiff in any manner, or denied any rights secured by law. Further, defendant denies that any actions on its part were the cause of any injuries or damages claimed by the plaintiff herein.

## SIXTH DEFENSE

25. Plaintiff's alleged arrest and criminal prosecution was caused by parties other than this defendant and who acted independently of this defendant and for which this defendant is not liable or responsible to plaintiff.

## SEVENTH DEFENSE

26. The filing of criminal charges against plaintiff was the act of parties other than this defendant and at no time did this defendant initiate, file, pursue or prosecute criminal charges against plaintiff.

## EIGHTH DEFENSE

27. Defendant believes and therefore avers that the acts of all defendants hereto have been reasonable, proper and in accordance with the standards applicable to all defendants.

## NINTH DEFENSE

28. At no time did the defendant enter into a conspiracy, plan, scheme or other artifice to injure plaintiff or cause plaintiff to be denied rights or immunities provided by Constitution or law.

## TENTH DEFENSE

29. At all times relevant hereto, the defendant and its employees acted in a reasonable and proper manner and in good faith with reasonable basis to believe that plaintiff had committed

credit card fraud by using the credit card of Tonya Taylor without permission. Accordingly, defendant is entitled to immunity from liability for the alleged false arrest of plaintiff and any claims of liability under 28 USC section 1983.

### ELEVENTH DEFENSE

30. Further, this defendant has not acted under color of law to deprive plaintiff of any rights secured by law or Constitution and this defendant is not a state actor within the meaning of 28 USC section 1983.

### TWELFTH DEFENSE

31. The plaintiff's claims against this defendant are barred by the applicable Statute of Limitations.

WHEREFORE, defendant Scott's Econo Inn, Inc., demands that judgment be entered in its favor with costs in its behalf sustained.

JURY TRIAL DEMANDED.

DATE: August 29, 2005

Respectfully Submitted,
BASHLINE & HUTTON

BY _____
GERALD J. HUTTON, ESQ.,
PA. I.D. #23098
ATTORNEY FOR DEFENDANT
SCOTT'S ECONO INN, INC.

ONE OLIVER PLAZA
210 SIXTH AVEUE, SUITE 3500
PITTSBURGH, PA   15222

Tel. (412)434-0201

## CERTIFICATE OF SERVICE

    I do hereby certify that a true and correct copy of the foregoing Answer was served via U.S. First Class Mail, postage pre-paid, on this 29th day of August, 2005, upon the following counsel of record:

*(Attorney for Plaintiff)*
Adams, A.J Esq.
602 West 9TH Street
Erie, PA 16502

*(Attorney For Trooper Sean Pierce)*
Christian D. Barefoot,
Office Of Attorney General
6th Floor Manor Complex
564 Forbes Avenue
Pittsburgh, PA 15219

*(Attorney For Scott's Splash Lagoon, Inc.)*
Gary D. Bax, Esq.
900 State Street, Suite 202
Erie, PA 16501

_____
Gerald J. Hutton
Attorney for Defendant,
Scott's Econo Inn, Inc.
(improperly identified as Scott
 Enterprises, Inc. t/d/b/a
 Econolodge/Splash Lagoon)