WESTERN DISTRICT OF PENNSYLVANIA

(ERIE)

| | | |
|---|---|---|
| TANIELLE SHURNEY,<br>　　　Plaintiff | : | |
| | : | |
| VS. | : | NO. CA 05-196E |
| | : | |
| SCOTT ENTERPRISES INCORPORATED<br>T/D/B/A ECONOLODGE/SPLASH LAGOON | : | JURY TRIAL REQUESTED |
| | : | |
| SEAN PIERCE, INDIVIDUALLY AND IN<br>HIS CAPACITY AS A TROOPER OF THE<br>PENNSYLVANIA STATE POLICE | : | |
| | : | |
| JOHN DOE, INDIVIDUALLY AND IN HIS<br>CAPACITY AS THE SUPERVISOR OF<br>TROOPER SEAN PIERCE OF THE<br>PENNSYLVANIA STATE POLICE,<br>　　　Defendants | : | |

**PLAINTIFF'S SUMMARY OF ORAL ARGUMENT PURSUANT TO
DEFENDANT PIERCE'S MOTION TO DISMISS**

1. Defendant Pierce instituted criminal charges against the Plaintiff by filing a complaint before a District Justice.

2. In order to obtain an arrest warrant, Defendant Pierce was required to swear an oath that the facts contained in the Affidavit of Probable Cause were true.

3. None of the factual averments alleged in the Affidavit were true.

4. Consequently, Defendant Pierce is not permitted to raise an immunity defense.

5. Defendant Pierce's false and misleading statements establishes a claim for malicious prosecution under Section 1983 since the Plaintiff's charges were dismissed for lack of probable cause.

6. Since it is apparent from the record that the Plaintiff was innocent of any wrongdoing, Defendant Pierce failed to conduct a "reasonably thorough investigation" prior to making the arrest and thus cannot claim qualified immunity. Kuehl v. Burtis, 173 F.3d 646 (8th Cir. 1999); C.F. Gardenhire v. Schubert, 205 F.3d 303 (6th Cir. 2000); Baptiste v. J.C. Penney Co., 147 F.3d 1252 (10th Cir. 1998).

7. Defendant Pierce is subject to a claim for false arrest since his conduct "purported to act for the purpose of securing the administration of the law without actual legal justification." Gagliari v. Lynn, 285 A.2d 109, 111 (Pa. 1971). "One who confines another, while purporting to act by authority of law which does not in fact exist, makes a false arrest and must respond in damages." Id. At 285 A.2d 111; C.F. Lynch v. Johnson, 463 A.2d 87, 89 (Pa.Comm. 1983); Cassidy v. Abington Township, 571 A.2d 543, 544 (Pa.Comm. 1990).

8. Defendant Pierce is subject to a claim of false imprisonment since the Plaintiff was incarcerated for a week prior to the dismissal of her charges for lack of probable cause. Renk v. City of Pittsburgh, 641 A.2d 289, 293 (Pa. 1994).

9. The Plaintiff's incarceration is a "special injury" for purposes of her malicious prosecution claim. Lynch v. Johnston, 463 A.2d 87, 89 (Pa.Comm. 1983).

10. The malice requirement for purposes of the malicious prosecution claim can be inferred from the lack of probable cause. Lippay v. Christos, 996 F.2d 1490, 1502 (3rd Cir. 1993).

11. Defendant Pierce fails to cite any authority to support the proposition that a qualified immunity defense can be raised as grounds for dismissal under Rule 12-b-6 under the circumstances of this case.

12. Nothing in this record establishes that Defendant Pierce acted in an objectively reasonable manner.

13. There are significant factual discrepancies regarding the circumstances that led to the Plaintiff's arrest and confinement.

                Respectfully submitted,

                A. J. Adams
                Attorney for Plaintiff