IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TANIELLE SHURNEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 05-196E |
| V. ) | Judge Sean J. McLaughlin |
| ) | |
| SCOTT ENTERPRISES, INC.; ) | |
| TROOPER SEAN PIERCE; ) | |
| JOHN DOE, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT PIERCE'S MOTION FOR RECONSIDERATION**

AND NOW, comes Defendant Pierce, by and through his attorneys, Thomas W. Corbett, Jr., Attorney General, Christian D. Bareford, Deputy Attorney General, and Susan J. Forney, Chief Deputy Attorney General, Chief Litigation Section, and respectfully moves for reconsideration of this Court's order of September 2, 2005, denying Defendant Pierce's motion to dismiss, Doc. #3.

**A. Fourth Amendment Claims**

The Fourth Amendment provides that people are "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures,... and no Warrants shall issue, but upon probable cause." U.S. Const. amend. IV. This provision has been made applicable to the states by the Fourteenth Amendment. Ker v. California, 374 U.S. 23, 30 (1963). An arrest by a law enforcement officer without a warrant "is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed." Devenpeck v. Alford, --- U.S. ----, 125 S.Ct. 588, 593, 160 L.Ed.2d 537 (2004). To make out false arrest under § 1983, plaintiff must show that defendant Pierce unlawfully detained her. See, e.g., Dowling v. City of Pennsylvania, 855 F.2d 136, 141 (3d Cir.1988); Renk v. City of

Pittsburgh, 537 Pa. 68, A.2d 289, 293 (Pa.1994); Taylor v. City of Philadelphia, No. 03-3068, 2004 U.S. Dist. LEXIS 9422, *44-45 (E.D.Pa. May 20, 2004).  The complaint fails to state a claim of false arrest, and therefore should be dismissed.

**B. Plaintiff cannot dispute the existence of probable cause**

There is no question as to the existence of probable cause given the affidavit of probable cause filed by Pierce and attached to the complaint.  As a matter of fact, the existence of probable cause, as pled by plaintiff, coupled with the absence of any allegation that defendant Pierce in some way perpetrated a falsehood with respect to the process that was followed (to wit, the affidavit of probable cause) makes clear that plaintiff has stated no claim upon which relief can be granted against defendant Pierce.

The issue before the Court turns upon the question of probable cause.  While probable cause typically involves a question of fact for the jury, the manner in which plaintiff has presented her complaint obviates any question of the existence of probable cause.  To that end the Court of Appeals for the Third Circuit has stated:

> Generally, the question of probable cause in a section 1983 damage suit is one for the jury.  This is particularly true where the probable cause determination rests on credibility conflicts.  However, a district court may conclude that probable cause exists as a matter of law if the evidence, viewed most favorably to Plaintiff, reasonably would not support a contrary finding, and may enter summary judgment accordingly.

Merkle v. Upper Dublin School District, 211 F.3d 782, 788-89 (3d Cir. 2000)(citations omitted).

Of particular relevance to this case, the Court in Merkle noted that:

> [A] reasonable jury could not find that [police detective] Hahn lacked probable cause because he failed to interview other witnesses, such as Vice Principal Anderson, art teacher Markowich, or Merkle herself, prior to making the arrest.  However, Hahn had every reason to believe a *credible report from a school principal who witnessed the alleged crime* [of Merkle's attempt to steal school supplies].  This report alone sufficiently established probable cause.  *Hohn was not required to undertake an exhaustive investigation in order to validate the probable cause that, in his mind, already existed.*

Id. n.8 (citations omitted)(emphasis added).

In this case, Pierce recited in his affidavit of probable cause that plaintiff reserved a room at the Econo-Lodge in Erie, PA, and in fact signed for the room reserved under the stolen credit card number during the process of checking in to the hotel.  See Doc. #1, Affidavit of Probable Cause attached to Complaint.  Plaintiff even attached a copy of the registration form signed by her in the check-in process that specifically stated, "If payment is by credit card, you are authorized to charge my account for the total amount due.  The undersigned guest acknowledges all charges are personal indebtedness."  Id.  Furthermore, plaintiff pled the underlying facts that supported the facts known to defendant Pierce at he time of the arrest, in the form of the police criminal complaint and the incident report describing, *inter alia*, the nature of the report made by the victim to the police department in Ohio as well as the physical evidence collected as part of the investigation.  Accordingly, plaintiff cannot possibly dispute that "at the moment the arrest was made ... the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that [the suspect] had committed or was committing an offense." Wright v. City of Philadelphia, 409 F.3d 595 (3d Cir., June 6, 2005) (quoting Beck v. Ohio, 379 U.S. 89, 91 (1964); see also Rogers v. Powell, 120 F.3d 446, 453 (3d Cir.1997) (probable cause exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested).

Given the existence of probable cause, as freely pled by plaintiff, plaintiff would have to assert facts suggesting some kind of falsehood or reckless disregard for the truth on the part of defendant Pierce in order to actually state a claim.  However, that has not been done.  Plaintiff

3

has not alleged that defendant Pierce, acting knowingly or deliberately or with reckless disregard for the truth, made false statements or omissions in his affidavit that created a falsehood in the warrant or that any statements or omissions were material or necessary to the finding of probable cause.  See Wilson v. Russo, 212 F.3d 781, 786-87 (3d Cir. 2000)(the only way Wilson could succeed was if he proffered evidence that Detective Russo recklessly disregarded the truth in his warrant application based on what Russo should have told the judge who would have lacked probable cause for Wilson's arrest).  Nor does plaintiff argue that defendant Pierce had any reason to doubt the report from the Streetsboro, OH, police department that Tonya Traylor had reported that someone had used her credit card without her authorization.  Quite the contrary, plaintiff actually attaches Pennsylvania State Police incident report to the complaint that detailed the report of the stolen credit card made the owner of the card, Traylor, to the Streetsboro, OH, police department.  See Documents attached to complaint.  Frankly, given the position asserted by plaintiff in response to the motion to dismiss as well as at argument on the motion to dismiss, plaintiff assumes that the facts are truthful and accurate.  For her part, plaintiff has merely asserted legalistic hypothetical possibilities that *may* account for either extenuating or mitigating circumstances.  Such assertions, however, do nothing to satisfy plaintiff's burden to allege facts that the affidavit of probable cause, attached to the complaint, was lacking in probable cause to charge her with theft by deception.

**C. Qualified immunity**

Defendant Pierce is entitled to qualified immunity.  As recently summarized by the Court of Appeals for the Third Circuit:

> The formula for analyzing a qualified immunity claim is a several stage process.  First, the court is to decide whether a constitutional violation has occurred, and then it must "proceed to determine whether that right was clearly established at the time of the alleged violation."  Wilson v. Layne, 526 U.S. 603, 609, 119 S.Ct. 1692 (1999).  A defendant

4

> "may … be shielded from liability for civil damages if [his] actions did not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Hope v. Pelzer, 536 U.S. 730, 739, 122 S.Ct. 2508 (2002).

Carswell v. Borough of Homestead, 381 F.3d 235, 241-42 (3d Cir. 2004)(internal citations omitted). Qualified immunity is an objective decision to be decided by the Court as a matter of law. Id. At 242. Qualified immunity is to be "resolved at the earliest possible stage of litigation." Bennett v. Murphy, 274 F.3d 133, 136 (3d Cir. 2002)(quoting Saucier v. Katz, 533 U.S. 194, 201 (2001)).

     The Third Circuit has held that when a § 1983 claim alleges that a defendant has submitted a false affidavit to the issuing judicial officer, the Court should apply the two part test developed by the Supreme Court in Franks v. Delaware, 438 U.S. 154, 155-56 (1978) for determining whether evidence seized should be suppressed. Sherwood v. Mulvilhill, 113 F.3d 396 (3d Cir, 1997). Specifically, the plaintiff must prove:

1) that the affiant knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant; and 2) that such statements or omissions are material, or necessary, to the finding or probable cause.

Sherwood, 113 F.3d at 399. As briefed above, plaintiff has not alleged that defendant Pierce made false representations in his affidavit and that a properly executed affidavit would not have provided the police with probable cause for her arrest. Plaintiff assertions are tantamount to attempts to argue rival hypotheses. However, plaintiff has not even attempted to argue that defendant Pierce's reliance on the evidence pled within the complaint were either runreliable or lack credibility. Police officers are permitted to rely upon statements of eyewitnesses or victims if they reasonably believe the statements are credible. Wilson, 212 F.3d at 790.

"Even law enforcement officials who reasonably but mistakenly conclude that probable cause is present are entitled to immunity." Hunter v. Bryant, 502 U.S. 224, 227 (1991)(citations omitted).

**D. Relief requested**

For these reasons, defendant Pierce respectfully requests that his motion to dismiss be granted.

                          Respectfully submitted,

                          **Thomas W. Corbett, Jr.**
                          Attorney General

BY:   \s\ Christian D. Bareford
        CHRISTIAN D. BAREFORD
        Deputy Attorney General
        PA I.D. No. 83982

        SUSAN J. FORNEY
        Chief Deputy Attorney General
        Chief Litigation Section

OFFICE OF ATTORNEY GENERAL
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA  15219

(412) 565-7680

Date: September 16, 2005