IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TANIELLE SHURNEY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.  05-196E |
| | ) | |
| V. | ) | Judge Sean J. McLaughlin |
| | ) | |
| SEAN PIERCE; JOHN DOE; SCOTT'S ECONO INN, INC.; SCOTT'S SPLASH LAGOON, INC., | ) ) ) | |
| | ) | |
| Defendants. | ) | Electronically Filed |

**DEFENDANT TROOPER PIERCE'S ANSWER TO AMENDED COMPLAINT**

AND NOW, comes defendant Sean Pierce[1], by his attorneys, Thomas W. Corbett, Jr., Attorney General, Christian D. Bareford, Deputy Attorney General, and Susan J. Forney, Chief Deputy Attorney General, Chief Litigation Section and respectfully submit the following answer to Plaintiff's Amended Complaint:

**First Defense**

Defendant Trooper Pierce responds to Plaintiff's factual allegations as follows:

1.  Plaintiff's Amended Complaint is a one page document, lacking enumeration.  The averments in that document are conclusions to which no response is required or if deemed factual, denied and strict proof demanded at trial.[2]  (*See* Docket #14).

---

[1] The Pennsylvania Office of Attorney General (OAG) does not represent unidentified parties.  As such, John Doe is not currently represented by undersigned counsel, and is therefore, not a party to the instant Answer.

[2]  In the Amended Complaint, Plaintiff merely effects a termination of defendant Scott Enterprises t/d/b/a/ Econolodge/Splash Lagoon by correctly identifying that party as two defendants: Scott's Econo Inn, Inc.; and Scott's Splash Lagoon, Inc.  (*See* Doc. #14). Plaintiff goes on to incorporate the allegations of her original complaint by reference

2. Section I. of Plaintiff's original complaint, entitled "Statement of the Case," is a conclusion to which no response is required or if deemed factual, denied and strict proof demanded at trial. By way of answer, it is specifically denied that Plaintiff was subjected to a "warrantless felony arrest." [3]

3. Section II., entitled "Jurisdiction," is a conclusion to which no response is required or if deemed factual, denied and strict proof demanded at trial.

4. Paragraph 1 is admitted.

5. Paragraph 2 is admitted.

6. Paragraph 3 is admitted.

7. Paragraph 4 is denied as stated and strict proof demanded at trial.

8. Paragraph 5 is admitted.

9. Paragraph 6 is denied as stated and strict proof demanded at trial. By way of answer, it is specifically denied that Plaintiff was "subject to a warrantless felony arrest by Defendant Pierce" or any other Pennsylvania State Trooper.

10. Paragraph 7 is denied as stated and strict proof demanded at trial.

11. Paragraph 8 is denied as stated and strict proof demanded at trial.

12. Paragraph 9 is denied as stated and strict proof demanded at trial.

13. Paragraph 10 is denied as stated and strict proof demanded at trial.

14. Paragraph 11 is denied as stated and strict proof demanded at trial.

---

thereto. *Id*. As such, the remainder of the instant Answer proceeds in congruence with Plaintiff's original complaint. (*See* Doc. #1).

[3] The paragraphs referenced henceforth are found in Plaintiff's original complaint. (*See* Doc. #1).

15. After reasonable investigation, defendant is without sufficient information to be able to admit or deny the facts comprising the allegations of paragraph 12 as stated. Accordingly, they are denied and strict proof demanded at trial.

16. After reasonable investigation, defendant is without sufficient information to be able to admit or deny the facts comprising the allegations of paragraph 13 as stated. Accordingly, they are denied and strict proof demanded at trial.

17. After reasonable investigation, defendant is without sufficient information to be able to admit or deny the facts comprising the allegations of paragraph 14 as stated. Accordingly, they are denied and strict proof demanded at trial.

18. Paragraph 15 is a conclusion to which no response is required, or if deemed factual, denied and strict proof demanded at trial. By way of answer, it is specifically denied that defendant Trooper Pierce presently has or has previously advanced a policy of "effectuating warrantless arrests of African-Americans."

19. Paragraph 16 is admitted.

20. Paragraph 17 is a conclusion to which no response is required, or if deemed factual, denied and strict proof demanded at trial.

21. Paragraph 18 is denied as stated and strict proof demanded at trial. By way of answer, it is specifically denied that defendant Trooper Pierce's actions, at any time in relation hereto, reflected "a reckless and callous indifference to Plaintiff's federally protected rights."

22. Paragraph 19 is denied as stated and strict proof demanded at trial. By way of answer, it is specifically denied that defendant Trooper Pierce ever had or has continued "a policy of warrantless arrests of African Americans." It is also specifically

denied that defendant Trooper Pierce was "reckless" or "callous" in effectuating Plaintiff's arrest.

23. Paragraph 20 is a conclusion to which no response is required, or if deemed factual, denied and strict proof demanded at trial.

24. Paragraph 1, following the WHEREFORE heading (lacking enumeration), is a conclusion to which no response is required, or if deemed factual, denied and strict proof demanded at trial.

25. Paragraph 2, following the WHEREFORE heading (lacking enumeration), is a conclusion to which no response is required, or if deemed factual, denied and strict proof demanded at trial.

26. Paragraph 3, following the WHEREFORE heading (lacking enumeration), is a conclusion to which no response is required, or if deemed factual, denied and strict proof demanded at trial.

## Second Defense

In accordance with Fed.R.Civ.P. Rule 8(b), defendant Trooper Pierce generally denies that he violated Plaintiff's Constitutional rights under the Fourth and Fourteenth Amendment, or any other right that Plaintiff enjoys.

## Third Defense

In accordance with Fed.R.Civ.P. Rule 8(b), defendant Trooper Pierce generally denies that any action he took was motivated by or displayed an animus toward Plaintiff based on her race.

## Fourth Defense

Plaintiff has failed to state a cognizable Fourth Amendment claim.

### Fifth Defense

Plaintiff has failed to state a cognizable Fourteenth Amendment claim.

### Sixth Defense

Plaintiff has failed to state cognizable common law or state tort claims.

### Seventh Defense

Defendant Trooper Pierce has, at all times relevant to the subject matter of Plaintiff's Amended Complaint, acted in good faith with a reasonable belief in the lawfulness of his actions.

### Eighth Defense

To the extent that Plaintiff raises common law or state tort claims, defendant Trooper Pierce is entitled to sovereign immunity.

### Ninth Defense

Plaintiff's claims are barred by the Eleventh Amendment.

### Tenth Defense

Defendant Trooper Pierce is entitled to qualified immunity.

### Eleventh Defense

Defendant Trooper Pierce is entitled to all applicable affirmative defenses.

### Twelfth Defense

Plaintiff is not entitled to the damages sought.

### Thirteenth Defense

Defendant Trooper Pierce reserves the right to amend this pleading as needed or necessary.

WHEREFORE, it is respectfully requested that judgment be entered in favor of defendant Trooper Pierce and against Plaintiff.

Respectfully submitted,

**Thomas W. Corbett, Jr.**
Attorney General

BY:  \s\ Christian D. Bareford
CHRISTIAN D. BAREFORD
Deputy Attorney General
PA I.D. No. 83982

SUSAN J. FORNEY
Chief Deputy Attorney General
Chief Litigation Section

OFFICE OF ATTORNEY GENERAL
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA  15219

(412) 565-3570

Date:   October 3, 2005