IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TANIELLE SHURNEY,

*Plaintiff,*

vs.                                              No.  CA 05-196 Erie

SCOTT'S ECONO INN, INC.
SCOTT'S SPLASH LAGOON, INC.

SEAN PIERCE, INDIVIDUALLY AND IN
HIS CAPACITY AS A TROOPER OF
THE PENNSYLVANIA STATE POLICE

JOHN DOE, INDIVIDUALLY AND IN
HIS CAPACITY AS THE SUPERVISOR
OF TROOPER SEAN PIERCE OF THE
PENNSYLVANIA STATE POLICE
                                    *Defendants*

**DEFENDANT    SCOTT'S SPLASH
LAGOON, INC.'S INTERROGATORIES
TO PLAINTIFF**

Filed on behalf of Scott's Splash Lagoon, Inc.

Counsel of Record for these parties:

Gary D. Bax, Esq.

MURPHY TAYLOR, L.L.C.
900 State Street, Suite 202
Erie, Pennsylvania 16501
Telephone:  (814) 459-0234
Fax: (814) 456-2540
Email: G_Bax@msn.com
PA38520

**JURY TRIAL DEMANDED**

**EXHIBIT "A"**

## INTRODUCTION AND DEFINITIONS

A.    These interrogatories are for the purpose of discovery only. We do not hereby waive any objections to the introduction of evidence at trial on subjects covered by these interrogatories.

B.    These interrogatories seek answers as of the date hereof but shall be deemed to be continuing so that any answers which you acquire or which become known up to and including the time of trial shall be furnished promptly after such information is acquired or becomes known.

C.    The term "document" is used in its customary broad sense, covering items which are printed or recorded, filmed, or reproduced by any other mechanical or electrical process, or are written or produced by hand, and whether or not claimed to be privileged against discovery. It includes, but is not limited to, contracts and memoranda of agreements or understandings; purchase orders, receipts, order acknowledgments and invoices, assignments, subrogation receipts, correspondence, notes, memoranda, charts, plans, sketches and drawings, photographs, motion pictures, audio and video tapes and disks, models and mock-ups, reports and/or summaries of investigations, opinions and reports of experts and consultants, books of account, statements, bills, checks and vouchers, computer disks and/or data, and drafts of originals and marginal comments appearing on any document covered by this definition.

D.    To "identify" or give the "identity" of, means:

    (i)    in the case of a person, to state:

        a.      name;

        b.      last known residence or business address;

        c.      employer, business affiliation, occupation or business position held, if relevant;

    (ii)    in the case of a company, to state:

        a.      name;

        b.      address;

        c.      identity of officers or other persons having knowledge of the matter with respect to which the company is named;

    (iii)    in the case of a document, to state:

        a.      the name of the author or preparer; and of the intended recipients;

-ii-

b.    its general type (e.g., letter, memo, report, invoice, etc.), and any identifying numbers or dates; and

c.    if privilege against production is claimed, the legal nature of the claim, and a full statement of the facts upon which the claim is based.

E.    "Possession" by a person or entity includes the possession, custody, or control by that person or entity and also by his or its agents, officers, employees, representatives and attorneys, and any predecessors, subsidiaries, controlled and affiliated companies, and their agencies, officers, employees, representatives and attorneys, to the fullest extent the context permits.

F.    The terms "Plaintiff", "you" or "your" shall be deemed to include Tanielle Shurney, her attorney(s), agent(s), employee(s), etc.

G.    The term "incident" shall be synonymous and shall refer to any and all of the arrest incident of July 3, 2004, as alleged in your Complaint and Amended Complaint.

## <u>DEFENDANT SCOTT'S SPLASH LAGOON, INC.'S<br>INTERROGATORIES TO PLAINTIFF</u>

NOW COMES the Defendant, Scott's Splash Lagoon, Inc., by and through its

attorneys, Murphy Taylor, L.L.C., and propounds these Interrogatories pursuant to F.R.C.P. 33, as

follows:

    1.  For Plaintiff Tanielle Shurney, please state:

    a.    all the names you have ever used, or by which you have been known, including nicknames;

**ANSWER:**

    b.    your date of birth;

**ANSWER:**

    c.    your residence address for the prior five years;

**ANSWER:**

    d.    the name and relationship to you of each resident of your household in the last five years.

**ANSWER:**

1

2.    State the name, address, and telephone number of any person who was with you or in your vehicle on the date of the arrest.

**ANSWER:**

3.   Have you ever been convicted of a crime?  If so, please state:

a.    the nature of the offense for which you were convicted;

**ANSWER:**

b.    the jurisdiction; and

**ANSWER:**

c.    the length of your sentence or other disposition.

**ANSWER:**

3

4.    Have you ever been arrested?  If so, please state:

a.    the date of your arrest;

**ANSWER:**

b.    the offense for which you were arrested;

**ANSWER:**

c.    the jurisdiction of your arrest; and

**ANSWER:**

d.    the disposition of the charges.

**ANSWER:**

5.    Have you previously asserted in any legal proceeding that you were falsely arrested, arrested without probable cause, or falsely imprisoned?  If so, please state:

a.    the nature of the legal proceeding in which such claim or claims were made;

**ANSWER:**

b.    the jurisdiction in which the claim arose; and

**ANSWER:**

c.    the disposition of any such claims.

**ANSWER:**

5

     6.    For the past five years, please identify the name and address of any employer, and provide inclusive dates of employment, and any position you held with each such employer.

**ANSWER:**

7.    Identify the name, address, and telephone number of any physician with whom you have received treatment within the five years preceding the date of the arrest incident.

**ANSWER:**

8.    State all injuries you allegedly sustained in the arrest incident.

**ANSWER:**

9.    If you have not fully recovered from your injuries, state in what respects you have not fully recovered.

**ANSWER:**

      10.    Describe any pain, incapacity, inability to work, or disability alleged to have resulted from the injuries you sustained.

**ANSWER:**

11.   Set forth the names and addresses of all hospitals or clinics in which you have been confined or received outpatient treatment because of the alleged arrest incident, with dates of confinement and outpatient treatment received, and the charges for the same.

**ANSWER:**

12.    Set for the names and addresses of all doctors, nurses, chiropractors, or other healthcare providers who have rendered services to you because of this incident, and the inclusive dates of such services, number of visits, and the charges for the same.

**ANSWER:**

13.    When and by whom were you last examined or given medical attention for any alleged injuries sustained in the arrest incident.

**ANSWER:**

14.    If you are still under a doctor's treatment for injuries received in the alleged arrest incident, by whom and how frequently are treatments given to you at the present time?

**ANSWER:**

15.    Set forth the names and addresses of all counselors, psychologists, or psychiatrists, who have rendered services to you because of the alleged arrest incident.

**ANSWER:**

16.    If you are making a claim of loss of earnings or impairment of earning power because of the arrest incident, please set forth the following:

a.    the name and address of your employer, your job classification, and your monthly or weekly rate of pay at the time of the arrest incident;

**ANSWER:**

b.    if you had more than one employer in the three year period prior to the date of the arrest incident, state the name and address of each such employer other than the one mentioned above, and your job classification, your weekly or monthly rate of pay, and inclusive dates of such employment during the three year period;

**ANSWER:**

c.    total earnings for the period of one year prior to the date of the arrest incident;

**ANSWER:**

d.    state the inclusive dates during which you were unable to work as a result of the arrest incident and the total amount of pay you lost because of this absence;

**ANSWER:**

e.    state the date in which you started to work again, and state the name and address of each employer for whom you have worked, with inclusive dates of employment, each job classification you have held and each monthly or weekly rate of pay which you received from the date you started work again after the arrest incident until the present time.

**ANSWER:**

16

17.    Describe in detail all other expenses incurred as a result of this alleged arrest incident.

**ANSWER:**

18.    State your age, date and place of birth, marital status and name and address of spouse at time of arrest incident upon which this lawsuit is based, marital status and name and address of spouse at present.

**ANSWER:**

19.    Identify all employees of Defendant Scott's Splash Lagoon, Inc., whom you contend aided in your investigation, arrest, and/or prosecution.

**ANSWER:**

20.     Identify "E. M." referenced in ¶12 of your Complaint, and provide the full name, address, and telephone number of this individual.

**ANSWER:**

21.     Identify all employees of Defendant Scott's Splash Lagoon, Inc., whom you contend aided in the investigation, arrest and prosecution of "E. M.".

**ANSWER:**

22.   Identify the bail bondsman used to obtain your release from jail on July 9, 2004, as referenced in ¶16 of your Complaint.

**ANSWER:**

23.     Identify each person who was a witness to the arrest through sight and/or hearing or who has knowledge of facts concerning the placement of the reservation, the arrest incident, or conditions or circumstances at the scene of the arrest prior to, after, or at the time of the arrest.

**ANSWER:**

24.     State the name and address of any expert who you have consulted or retained in anticipation of litigation, or preparation for trial, and who is not expected to be called as a witness at the time of trial.

**ANSWER:**

25.    Please state the name and present address of each person Plaintiffs expect to call as an expert witness at the trial of this case.

**ANSWER:**

26.    As to each person named in answer to Interrogatory No. 25, please state:

a.    the substance of each fact to which he or she is expected to testify;

**ANSWER:**

b.    the substance of each opinion to which he or she is expected to testify;

**ANSWER:**

c.    the grounds for each opinion; and

**ANSWER:**

d.    their background, training, experience and other qualifications.

**ANSWER:**

26

27.    Please attach to your answers hereto copies of any and all reports relating to any expert testimony, as well as a current curriculum vitae for each expert.

**ANSWER:**

28.   Identify the location from which you telephoned to make a reservation for Econolodge and/or Scott's Splash Lagoon.

**ANSWER:**

29.   Did you place the call from a cell phone or conventional phone?  Please provide the telephone number for the phone you used.

**ANSWER:**

30.    Identify all persons present on each occasion when you telephoned Scott's Splash Lagoon and/or Econolodge to make a reservation.

**ANSWER:**

31.    Identify and provide a residential address and telephone number for the person who provided credit card information to Scott's Splash Lagoon/Econolodge for your reservation.

**ANSWER:**

      32.   Identify the owner of the credit card used to make your reservation for Scott's Splash Lagoon/Econolodge.

**ANSWER:**

33.   Identify the holder or possessor of the credit card used to make your reservation with Scott's Splash Lagoon/Econolodge.

**ANSWER:**

34.    Identify all credit cards which you have owned and/or been issued within the last five years, including company and account number.

**ANSWER:**

DATE:   October 19, 2005

Respectfully submitted,

MURPHY TAYLOR, L.L.C.

By: "s/"Gary D. Bax, Esq.
Gary D. Bax, Esq.
900 State Street, Suite 202
Erie, Pennsylvania  16501
Telephone:  (814) 459-0234
Fax: (814)456-2540
Email: G_Bax@msn.com
PA38520
*Attorneys for Scott's Splash Lagoon, Inc.*

34