11

1    I don't want to overstate anything, at the reservation center

2    there was a representation made by a woman who identified

3    herself as Tanielle Shurney, to the effect that I don't have a

4    credit card, I'll put my sister on, cousin, whomever, I'll put

5    her on the line or have her give you a call.  And so since the

6    use of a credit card is one of the material facts in this case,

7    Tanielle Shurney's card ownership would be relevant to

8    impeaching her credibility as to a number of different things.

9    If she told the people she doesn't have a credit card, but then

10   she does --

11            THE COURT:  Maybe this will simplify it.  Do you

12   know if she has a credit card?

13            MR. ADAMS:  My indication from her is that she

14   didn't.  I agree with counsel that in fact if a call was made

15   that in fact a third party had to make a reservation with a

16   credit card, but she didn't have a credit card.  I disagree

17   with counsel here in the case that my client then handed a

18   credit card to somebody.

19            THE COURT:  In any event, let's cut to the chase.

20   You want an authorization so you can look at the credit card

21   history up to the relevant time -- and according to you,

22   represented that she didn't have a card, is that right?

23            MR. HUTTON:  Yes, your Honor.

24            THE COURT:  Well, is there any argument about that?

25            MR. HUTTON:  He wouldn't give the authorization

**EXHIBIT "C"**

12

1  back.

2          MR. ADAMS:  The authorization was for all of her --

3  basically, I don't have a copy with me, but it's a general

4  authorization for all of her finances and business background.

5          MR. HUTTON:  You never responded to the request.

6          MR. ADAMS:  We hadn't gotten the discovery schedule.

7          THE COURT:  Let me just head off at the pass a

8  discovery dispute, I can do it right now, it's relevant, in my

9  opinion.

10          MR. ADAMS:  I agree.

11          THE COURT:  Execute an authorization.

12          MR. ADAMS:  We'll execute an authorization providing

13  him to her credit card information.  As the authorization was

14  proffered --

15          THE COURT:  That's what you're primarily interested

16  in on this point, he'll tailor it down to that --

17          MR. ADAMS:  I have no problem with that.

18          THE COURT:  Okay, anything else.  Mr. Bareford,

19  you're uncharacteristically quiet here today.

20          MR. BAREFORD:  Sir, just the way the judge sort of

21  identified the real issue, Trooper Pierce agrees that the issue

22  is not whether or not -- a legal justification or an

23  explanation in the extenuation or police investigation of the

24  underlying charge of credit card fraud.  Fraud is only relevant

25  if there existed probable cause at the time of the offense.