IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**TANIELLE SHURNEY,**
      *Plaintiff,*

Vs.

No.  CA 05-196 Erie
CIVIL ACTION
ELECTRONICALLY FILED PLEADING

**SCOTT'S ECONO INN, INC.**
**SCOTT'S SPLASH LAGOON, INC.**

**SEAN PIERCE, INDIVIDUALLY AND IN**
**HIS CAPACITY AS A TROOPER OF**
**THE PENNSYLVANIA STATE POLICE**

**JOHN DOE, INDIVIDUALLY AND IN**
**HIS CAPACITY AS THE SUPERVISOR**
**OF TROOPER SEAN PIERCE OF THE**
**PENNSYLVANIA STATE POLICE**
      *Defendants*

**DEFENDANTS' BRIEF IN SUPPORT OF JOINT MOTION FOR SUMMARY JUDGMENT**

Filed on behalf of Scott's Splash Lagoon, Inc. and Scott's Econo Inn, Inc.

Counsel of Record for these parties:

Gary D. Bax, Esq.

MURPHY TAYLOR, L.L.C.

900 State Street, Suite 202
Erie, Pennsylvania 16501
Telephone:  (814) 459-0234
Fax: (814) 456-2540
Email: G_Bax@msn.com
PA38520
*Attorneys for Scott's Splash Lagoon, Inc.*


Gerald J. Hutton, Esq.
BASHLINE & HUTTON
One Oliver Plaza, Suite 3500
210 Sixth Ave.
Pittsburgh, PA 15222
Telephone: (412) 434-0201
Fax: (412) 434-0521
E-mail: Gerald.Hutton@LibertyMutual.com
PA23098
*Attorneys for Scott's Econo Inn, Inc.*


**JURY TRIAL DEMANDED**

**DEFENDANTS' BRIEF IN SUPPORT OF
JOINT MOTION FOR SUMMARY JUDGMENT**

NOW COME the Defendants, Scott's Splash Lagoon, Inc. and Scott's Econo Inn., Inc., by and through their attorneys, and state the following in Support of their Motion for Summary Judgment pursuant to F.R.C.P. 56(b):

**I.     FACTS AND BACKGROUND**

This lawsuit arises from the fraudulent use of a debit card number to purchase a hotel reservation at Splash Lagoon Resort and Econolodge on Peach Street in Erie, Pennsylvania. Plaintiff Tanielle Shurney denied at her deposition that she made the reservation, or that she knew the reservation was made using a stolen debit card number.  Shurney Deposition Transcript, p. 18.  It is undisputed, however, that the reservation was purchased in the name of Tanielle Shurney, using a stolen debit card number, and that Tanielle Shurney appeared on July 3, 2004, to claim this reservation.  See Defendant's Requests for Admissions; Shurney Deposition Transcript, pp. 18-23.  At the time of her arrest, the Plaintiff had in her possession two photo IDs, but one was not her own.  Shurney Deposition Transcript, p. 36.  She did not advise the arresting officer, Codefendant Pennsylvania State Police Trooper Sean Pierce, of her contention that she did not make the reservation and did not know the reservation was made through the use of a stolen debit card number.  Shurney Deposition Transcript, pp. 38-41.  She claims that she later informed him of this alleged defense during an interrogation, and also informed the district justice of this defense at her preliminary arraignment.  *Id.*  However, the district justice set bail and committed her to the Erie County Prison.  *Id.*  Pursuant to

Pennsylvania Rule of Criminal Procedure 540, the district justice could only commit her to prison if he found probable cause. Pa.R.Crim.P. 540(c).

Defendants Scott's Econo Inn, Inc. (hereinafter "Econolodge") and Scott's Splash Lagoon, Inc. (hereinafter "Splash Lagoon") will establish at trial that the Plaintiff provided false testimony regarding the placement of the reservation. Splash Lagoon reservation manager Patty Purchase was deposed, and Ms. Purchase confirmed that Plaintiff Tanielle Shurney contacted the Splash Lagoon reservation center on June 25, 2004 to place a reservation. Ms. Shurney was informed that she needed a credit card to purchase the reservation. Ms. Shurney informed the reservation center that she did not have a credit card, but would call back. Subsequently, Ms. Shurney placed a second call, spoke with the reservation clerk, and then placed an alleged relative, "Tracey Smith", on the telephone who provided a debit card number.[1] The Splash Lagoon reservation system accepted the debit card number, and charged the holder's account the sum of $198.17. Patty Purchase Deposition Transcript, pp. 20-28, 37-39.

The debit card number used to purchase the reservation was not owned by either Tanielle Shurney or Tracey Smith, but rather was the property of Tonya Traylor. Tonya Traylor is a thirty-three year old African American female with a B.S. degree in accounting from Youngstown State. She has worked as a bookkeeper/accountant for the Salvation Army in Cleveland, Ohio for the past eight years. Ms. Traylor discovered the theft when she reviewed her bank account on line, and found that her account was debited for four unauthorized

---

[1] The Pennsylvania State Police attempted to locate "Tracey Smith", but its investigation failed to locate her. See Pierce Deposition Transcript, p. 54.

purchases, including the Splash Lagoon reservation. Tonya Traylor Deposition Transcript, pp. 7-20, 40-47.

Ms. Traylor immediately contacted her hometown Streetsboro, Ohio Police Department and filed a criminal complaint. Ms. Traylor reported the unauthorized use of her debit card to Streetsboro, Ohio Police Officer Jon Hurley. Ms. Traylor also contacted Splash Lagoon reservation center manager Patty Purchase on June 30, 2004, and informed her of the unauthorized reservation. Ms. Traylor told Ms. Purchase that she could expect a second telephone call from Officer Hurley. *Id.*

Officer Hurley telephoned Ms. Purchase later that same day. Officer Hurley informed Ms. Purchase that he was conducting a credit card fraud investigation. Officer Hurley asked Ms. Purchase to identify the police jurisdiction in which Splash Lagoon and Econolodge were situated, and informed her that he would contact the Pennsylvania State Police. Officer Hurley also asked that the Econolodge check-in desk clerk notify the state police when Ms. Shurney arrived to claim the reservation. Mrs. Purchase faxed reservation documents to Officer Hurley, per his request. Officer Hurley Deposition Transcript, pp. 9-12, 14, 32-37.

The Defendants contend that Tanielle Shurney again telephoned the reservation center on the night of July 2, 2004, to confirm her reservation. Patty Purchase spoke with Ms. Shurney, and told her the reservation was being held. Patty Purchase Deposition Transcript, pp. 24-27. Ms. Shurney denied this telephone conference at her deposition. Shurney Deposition Transcript, pp. 18-19.

On July 3, 2004 Tanielle Shurney appeared at the Econolodge to claim her reservation. Ms. Shurney signed the register and provided her driver's license. Shurney Deposition Transcript, pp. 19, 26-27. An Econolodge employee contacted the state police and informed the state police that Ms. Shurney was on the premises.

Codefendant Pennsylvania State Police Trooper Sean Pierce came to the Econolodge shortly thereafter and arrested Ms. Shurney in the parking lot of the Econolodge. Defendant's Request for Admissions, 10; Pierce Deposition Transcript, pp. 13-14. Plaintiff testified at her deposition that she did not tell Trooper Pierce that the reservation was made by another person, or that she did not know that the other person had used a stolen debit card. Shurney Deposition Transcript, pp. 18-23. At the time of her arrest, Ms. Shurney had in her possession her own photo ID, and the photo ID of another person. *Id.*, p. 36.

Thus, at the time of her arrest, Trooper Pierce knew of the unauthorized use of theft victim Tonya Traylor's debit card number, that a criminal investigation had commenced with the Streetsboro, Ohio Police Department, that Tanielle Shurney had appeared to claim a reservation in her name and paid for through the use of an unauthorized debit card number, that Ms. Shurney failed to volunteer any defense to the theft charge at the time of her arrest, and that she possessed two photo IDs, only one of which was her own. Pierce Deposition Transcript, pp. 48-58. Trooper Pierce charged Ms. Shurney with two criminal offenses, including theft by deception, 18 Pa.C.S.A. §3922, and access device fraud, 18 Pa.C.S.A. §4106. The arrest was made without a warrant, as permitted by 18 Pa.C.S.A §3904.

Trooper Pierce testified that he became aware of the criminal investigation into the debit card fraud as a result of information learned at the Pennsylvania State Police morning roll call. Specifically, Trooper Pierce was told of the Ohio police investigation, and testified that, to his knowledge, the Ohio police department had contacted the Pennsylvania State Police about Tanielle Shurney. Pierce Deposition Transcript, pp. 17-20.

After Ms. Shurney's arrest, Trooper Pierce interrogated her at the Lawrence Park State Police barracks. Ms. Shurney was preliminarily arraigned before District Justice Abbate in North East. District Justice Abbate set bail and committed her to the Erie County Prison. Defendant's Request for Admissions 11, Shurney Deposition Transcript, pp. 38-41. When Ms. Shurney was committed to Erie County Prison, a personal property inventory revealed no cash on her person, but did reveal that she possessed two photo IDs, although only one was her own photo ID. See Erie County Prison Records Inventory. Subsequently, at her preliminary hearing before District Justice Dwyer, charges were dismissed. No one from Scott's Splash Lagoon or Scott's Econolodge testified at the preliminary hearing. Shurney Deposition Transcript, p. 99.

The evidence establishes the following undisputed facts. *See* Defendant's Request for Admissions. Tonya Traylor discovered that her personal bank account had been accessed through the use of her debit card number, and that four unauthorized purchases were made, including a Splash Lagoon reservation. The Splash Lagoon reservation was made under the name of Tanielle Shurney. The reservation was secured through the unauthorized use of Tonya Traylor's debit card number. Tonya Traylor made a criminal complaint to the Streetsboro, Ohio Police Department and Officer Jon Hurley. Tonya Traylor contacted Scott's Splash Lagoon and

informed them of the unauthorized use of her debit card number.  Officer Hurley initiated contact with Scott's Splash Lagoon and informed employee Patty Purchase that a criminal investigation had been commenced into the unauthorized use of the debit card number for the reservation.  Officer Hurley asked Econolodge and Splash Lagoon employees to cooperate in the investigation, and the Pennsylvania State Police requested that Splash Lagoon cooperate in the investigation.  Defendant's Request for Admissions, 7 and 8.  When Ms. Shurney appeared to claim her reservation at Econolodge, the Pennsylvania State Police were notified.  No evidence exists that Econolodge or Splash Lagoon employees requested the arrest prosecution or incarceration of Ms. Shurney.  Patty Purchase Deposition Transcript, p. 43; Shurney Deposition Transcript, pp. 46 and 47.

Under these circumstances, Econolodge and Splash Lagoon Defendants move for summary judgment, for the reasons set forth below.

## II.    ISSUES AND ARGUMENT

### A.    *Defendants Scott's Splash Lagoon, Inc. and Scott's Econo Inn, Inc. are entitled to summary judgment as a matter of law under F.R.C.P. 56(d).*

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  F.R.C.P. 56(c).  An issue is "genuine" only if there is sufficient evidentiary basis in which a reasonable jury could find for the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L.Ed. 2d 202 (1986).  A factual dispute is "material" only if it might affect the outcome of suit under governing law.  *Id*. at 248.  All inferences must be drawn

and all doubts resolved in favor of the nonmoving party. *Gans v. Mundy*, 762 F.2d 338, 341 (3d Cir. 1985). In order to defeat a motion for summary judgment, the moving party must respond with facts of record that contradict facts identified by the movement, and the nonmoving party may not rest on mere denials. *Celotex Corporation v. Catrett*, 477 U.S. 317, 321 N.3, 106 S. Ct. 2548, 81 L.Ed. 2d 265 (1986). Under this standard of review, these Defendants are entitled to summary judgment and their dismissal from this lawsuit.

>    *1.    Plaintiff fails to state any claim pursuant to 42 U.S.C. §1983 against Scott's Econo Inn, Inc. or Scott's Splash Lagoon, Inc.*

Plaintiff asserts in her Complaint that she brings this action pursuant to 42 U.S.C. §1983. This statute provides that:

> Every person who, under color of any statue, ordinance, regulation, custom, or usage, of any state...subjects, or causes to be subjected, any...person...to the deprivation of any rights, privileges, or immunity secured by the Constitution and the laws, shall be liable to the party injured in an action at law, sued in equity, or other proceeding for redress.

42 U.S.C. §1983

It is well established that, in order to maintain an action under §1983, a plaintiff must demonstrate that a violation of a right secured by the constitutional laws of the United States occurred, and that the alleged deprivation was committed by a person acting under color of state law. *DiNicola v. DiPaolo*, 25 F. Supp. 2d 630, 637 (W.D. Pa. 1998), citing *Kneipp v. Tetter*, 95 F.3d 1199, 1204 (3d Cir. 1996). In this lawsuit, Plaintiff cannot establish that Econolodge or Splash Lagoon acted under color of state law. The record establishes only that these Defendants responded to the request of the debit card fraud victim, Tonya Traylor, to cooperate with the

police, and that the police agencies contacted these Defendants about an ongoing criminal investigation.

There is no sufficiently close nexus between the police agencies and the minimal actions of the employees of Econolodge and Splash Lagoon to establish that the employees' actions "may be fairly treated as that of the state itself." *DiNicola v. DiPaolo*, *supra.*, 25 F. Supp. 2d at 665. In *DiNicola*, this court ruled that a hypnotist who actively assisted the police in conducting hypnotic interrogations of witnesses was not acting under color of state law. This court was unwilling to extend the doctrine of state action to include a professional who assisted police in an investigation. It follows that doctrine of state action should not extend to employees of corporations who acted merely as good corporate citizens. There is no evidence that these Defendants acted in concert with, or at the direction of, the police agencies. There is no evidence from which a reasonable conclusion could be drawn that these employees were responsible in any way for the filing of criminal charges against the Plaintiff. Under these circumstances, Plaintiff's §1983 claim must fail.

Plaintiff seeks to penalize these two corporate citizens for basic cooperation with police requests during a criminal investigation. The basic cooperation does not rise to the level of state action under §1983. In *Caswell v. B.J.'s Wholesale Company*, 5 F. Supp. 2d 312 (E.D. Pa. 1998), the plaintiff claimed that a photo lab was liable on a false arrest/false imprisonment claim. The photo lab workers found photographs and reported suspected child sexual abuse to appropriate authorities. The court dismissed claims against the photo lab. The court found that, generally, merchants are not considered to be acting under color of law for purpose of §1983

when they detain a person suspected of shoplifting or other crimes, call the police, or make a citizens arrest. *Id.* at 318.  Further, the §1983 claims against the photo lab failed because no evidence existed that the photo lab workers assumed any authority of the state, in conjunction with state officials. *Id.*  The same rules should apply here.  Econolodge and Splash Lagoon, generally being "merchants", are not acting under state laws merely by cooperating with the police.  Ms. Shurney has produced no evidence that the Econolodge or Splash Lagoon employees assumed the authority of the state, or acted as police officers in initiating or instigating the arrest.

Further, neither Econolodge nor Splash Lagoon can be liable as a state actor under other liability theories.  Under the "conspiracy theory" of state action, "a private party may be liable under 42 U.S.C. if he was acting in concert with public officials. *Jennings v. Shuman*, 567 F.2d 1213, 1220 (3d Cir. 1977).  The conspiracy theory focuses on the relationship between the public and private entities. *Gilbert v. Feld*, 788 F. Supp. 854, 859.  In the instant case, the Plaintiff has not pleaded that these Defendants conspired with police agencies, nor does any evidence support any conspiracy theory.  In short, this Court should not adopt any theory of state action which automatically turns private citizens into state actors when they merely cooperate with, or do not impede, a pre-existing police investigation.

Another method for determining whether a private individual may be regarded as a state actor is the improper delegation theory.  Under this theory, the court determines whether "the state, through its agents or laws, has established a formal procedure that drapes private actors with the power of the state." *Id.* at 859, citing *Cruz v. Donnelly*, 727 F.2d 79, 82 (3d Cir. 1984); *Smith v. Wood*, 649 F. Supp. 901, 906 (E.D. Pa. 1986).  In the instant case, Plaintiff has not

pleaded that the police agencies had any state mandated guidelines in place which were followed by the Econolodge or Splash Lagoon employees.

The evidence shows, at most, that the Splash Lagoon Defendants telephoned the police when Tanielle Shurney arrived to claim her fraudulently purchased reservation, as requested by the police agencies. This level of citizen cooperation should not be penalized by subjecting these Defendants to §1983.

> 2. *The evidence fails to establish Plaintiff's claims for false arrest or malicious prosecution.*

It is well established under Pennsylvania law that, to establish a claim for false arrest or malicious prosecution under §1983, the Plaintiff "must demonstrate that (1) defendant initiated a criminal proceeding (2) which ended in the Plaintiff's favor (3) that the criminal proceeding was initiated without probable cause, and (4) the defendant acted maliciously or for purpose other than bringing the defendant to justice." *DiNicola v. DiPaolo, supra.*, 25 F. Supp. 2d 630 at 637, citing *Rose v. Bartle*, 871 F.2d 331, 349 (3d Cir. 1989). With regard to the concept of probable cause, this court previously ruled that "the standard is an objective one and is to be applied based on the facts available to the officers at the time of their alleged unlawful conduct". *Id.*

In the instant case, at the time of Plaintiff's arrest, the evidence establishes that the theft victim, Tonya Traylor, discovered four unauthorized purchases for the use of her debit card number, including the Splash Lagoon reservation. She contacted Splash Lagoon reservation center to determine the identity of the person who held the reservation. She then contacted the Streetsboro, Ohio Police Department. Streetsboro Police Officer Jon Hurley contacted the reservation center, and the Pennsylvania State Police to inform them of the victim's theft

complaint and the police investigation. Subsequently, Tanielle Shurney called to confirm the existence of the reservation obtained through fraud, on the evening before her arrival, and then appeared to claim the fraudulently purchased reservation. Under these circumstances, it was objectively reasonable for Trooper Pierce to believe that a crime had occurred, and that Tanielle Shurney was involved in the crime.

Indeed, this case may be analogized to the circumstances of *Sanders v. City of Philadelphia*, 209 F. Supp. 2d 439 (E. D. Pa. 2002), in which a female passenger, arrested in a stolen car, sued for false arrest. In that case, the district court held that a passenger's apparent voluntary presence in a stolen automobile gave sufficient probable cause to warrant her arrest and further investigation by the police. *Id.* at 442. In this case, Tanielle Shurney was more than a passenger going along for the ride. She made the reservation (or it was made in her name by "Tracey Smith"), secured it through a fraudulently obtained debit card number, and then appeared to claim the fraudulently purchased reservation. Even if Ms. Shurney is given the benefit of the doubt, and did not know that the reservation was obtained through the use of a fraudulently obtained debit card number, probable cause existed for her arrest.

Tanielle Shurney's subsequent preliminary arraignment before District Justice Abbate confirms that her warrentless arrest was reviewed by a neutral magistrate who determined probable cause existed. See Pa.R.Crim.P. 519, 540. Even though the charges against her were subsequently dismissed, that was only after a *prima facie* evidentiary case could not be made at her preliminary hearing. At the time of her arrest, probable cause existed to believe she was involved in the theft crimes for which she was charged.

Plaintiff has complained that Trooper Pierce should have investigated further prior to her arrest. However, based on the information he had at that time, he had reasonable cause to believe that the Plaintiff had committed the crimes with which she was charged. He is under no obligation to conduct any further investigation. *Walker v. Spiller*, 54 F. Supp. 2d 421 (E.D. Pa. 1999) (failure to investigate alibi prior to arrest does not negate probable cause). Further, probable cause for an arrest may exist whether or not the person arrested is ultimately convicted; evidence that may prove insufficient to establish guilt at trial may still be sufficient to find that an arrest occurred within the bounds of the law. *DiNicola v. DiPaolo*, *supra*, 25 F. Supp. 2d at 637.

Plaintiff cannot claim that Trooper Pierce did not have probable cause because he did not conduct a further investigation, or because she claimed that she did not commit any crime. An arresting officer does not have to accept at face value an arrestee's claim of innocence or mistaken identity. *Garcia v. County of Bucks, Pennsylvania*, 155 F. Supp. 2d 259 (E.D. Pa. 2001). Further, Plaintiff's claim that another person (Tracey Smith) provided the debit card number does not negate probable cause; it is not wrong to suspect that more than one person may have been involved in purchasing the room reservation through the fraudulent use of the debit card.

Plaintiff also fails to establish that either Econolodge or Splash Lagoon initiated or instigated her arrest, prosecution or incarceration. Again, even when the record is read in a light most favorable to the Plaintiff, the jury can only conclude that the criminal investigation was initiated by the theft victim, Tonya Traylor, and that these Defendants were contacted by police

agencies.  See Defendant's Request for Admissions.  No evidence exists that Econolodge or Splash Lagoon employees requested that the Plaintiff be arrested or prosecuted.  Indeed, Trooper Pierce testified at his deposition the basis for the arrest was the Ohio police investigation, and that he did not speak with the Splash Lagoon reservation center's manager, Patty Purchase, until after Plaintiff's arrest.  Pierce Deposition Transcript, pp. 42, 49-51.

      Further, Patty Purchase testified that no "red flag" appeared when Tanielle Shurney made the reservation, secured through the use of Tonya Traylor's debit card number.  Ms. Purchase testified that a reservation clerk would not be advised of the unauthorized use of the debit card number, or of any conflict in name on the computer reservation equipment.  Patty purchase Deposition Transcript, pp. 18-28.  Ms. Purchase testified that she was made aware of the theft only after she was contacted by Tonya Traylor and Officer Hurley.  Patty Purchase Deposition Transcript, pp. 43-44.  Under these circumstances, it cannot be reasonably maintained that the Econolodge or Splash Lagoon employees initiated or instigated the arrest.

      The Defendants also pleaded the defense that they were privileged to communicate with the police agencies regarding the Plaintiff's reservation purchase through the use of a fraudulent debit card.  Although this privilege can arise in the context of a defamation claim, the concept of a privilege or immunity from suit under Pennsylvania law is well established.  Statements made by private parties solely to law enforcement officials in which an accusation of crime is made for the purpose of inducing prosecution of criminal charges are absolutely privileged under Pennsylvania law as statements preliminary to judicial proceedings.  *Pawlowski v. Smorto*, 588 A.2d 36 (Pa. Super. 1991).  The Plaintiff in *Pawlowski* brought malicious prosecution and

defamation claims, and the court dismissed them.  The court found that permitting the plaintiff to proceed with defamation and false prosecution claims would be contrary to Pennsylvania public policy.  Indeed, the court stated that "according absolute privilege to statements made in or preliminary to judicial proceeding aims  at insuring free and uninhibited access to the judicial system.  This policy is obviously served by application of the privilege to statements made solely to law enforcement officials for the purpose of initiating criminal charges." *Id.* at 42.  If Plaintiff were to prevail on the claims asserted in this lawsuit, such a precedent would chill the cooperation of persons from cooperating with reasonable police requests where a crime is suspected to have occurred.

Finally, no evidence exists that these Defendants acted maliciously or for a purpose other than bringing Tanielle Shurney to judgment.  The Defendants cooperated with an on-going police investigation, provided no false or incorrect information, and acted only as good corporate citizens.  Although Plaintiff's attorney attempts to suggest that these Defendants acted for purpose of securing financial gain from the prosecution in the form of restitution, Plaintiff confirmed at her deposition that there has never been a request made from either Defendant to reimburse them for the cost of the reservation.  Shurney Deposition Transcript, p. 99.

## III. CONCLUSION

For these reasons, Defendants Scott's Econo Inn, Inc. and Scott's Splash Lagoon, Inc. respectfully request this Court issue summary judgment in their favor and dismiss all of Plaintiff's claims, with costs, attorneys' fees, and such other relief that the Court deems appropriate.

Respectfully submitted,

MURPHY TAYLOR, L.L.C.


By: "s/"Gary D. Bax, Esq.
Gary D. Bax, Esq.
900 State Street, Suite 202
Erie, Pennsylvania  16501
Telephone:  (814) 459-0234
Fax: (814)456-2540
Email: G_Bax@msn.com
PA38520
*Attorneys for Scott's Splash Lagoon, Inc.*


BASHLINE & HUTTON


 By: "s/" Gerald J. Hutton, Esq.
Gerald J. Hutton, Esq.
One Oliver Plaza, Suite 3500
210 Sixth Ave.
Pittsburgh, PA 15222
Telephone: (412) 434-0201
Fax: (412) 434-0521
E-mail: Gerald.Hutton@LibertyMutual.com
PA23098
*Attorneys for Scott's Econo Inn, Inc*.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**TANIELLE SHURNEY,**
                              *Plaintiff,*

Vs.

No. CA 05-196 Erie
CIVIL ACTION
ELECTRONICALLY FILED PLEADING

**SCOTT'S ECONO INN, INC.**
**SCOTT'S SPLASH LAGOON, INC.**

**SEAN PIERCE, INDIVIDUALLY AND IN**
**HIS CAPACITY AS A TROOPER OF**
**THE PENNSYLVANIA STATE POLICE**

**JOHN DOE, INDIVIDUALLY AND IN**
**HIS CAPACITY AS THE SUPERVISOR**
**OF TROOPER SEAN PIERCE OF THE**
**PENNSYLVANIA STATE POLICE**
                              *Defendants*

**CERTIFICATE OF SERVICE**

Filed on behalf of Scott's Splash Lagoon, Inc.

Counsel of Record for these parties:

Gary D. Bax, Esq.

MURPHY TAYLOR, L.L.C.

900 State Street, Suite 202
Erie, Pennsylvania 16501
Telephone: (814) 459-0234
Fax: (814) 456-2540
Email: G_Bax@msn.com
PA38520

**JURY TRIAL DEMANDED**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of Defendants' Brief in Support of Joint Motion for Summary Judgment was electronically served upon all counsel of record, this the 28th day of March, 2006:

Respectfully submitted,

MURPHY TAYLOR, L.L.C.

By: "s/"Gary D. Bax, Esq.
Gary D. Bax, Esq.
900 State Street, Suite 202
Erie, Pennsylvania  16501
Telephone:  (814) 459-0234
Fax: (814)456-2540
Email: G_Bax@msn.com
PA38520
*Attorneys for Scott's Splash Lagoon, Inc.*