### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TANIELLE SHURNEY, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No. 05-196E** |
| V. | ) | **Judge Sean J. McLaughlin** |
| | ) | |
| SCOTT ENTERPRISES, INC.; | ) | |
| TROOPER SEAN PIERCE; | ) | |
| JOHN DOE, | ) | |
| | ) | |
| **Defendants.** | ) | |

### BRIEF IN SUPPORT OF DEFENDANT PIERCE'S MOTION FOR SUMMARY JUDGMENT

### I. Statement of the Case

Plaintiff was arrested by the Pennsylvania State Police after she checked into the Econolodge and signed for a room and passes to Splash Lagoon using a stolen debit card. The arrest was made based on information provided by Streetsboro Ohio Patrolman John Hurley and employees of the Econolodge and Splash Lagoon. Plaintiff brought this action pursuant to 42 U.S.C. §1983 against Pennsylvania State Trooper Sean Pierce, an unidentified state trooper, and owners/operators of the Econolodge and Splash Lagoon. Defendant's Concise Statement of Material Facts is incorporated herein. The complaint asserts a general Fourth Amendment claim against defendants for their roles in causing plaintiff to be subject to a warrantless felony arrest, allegedly without probable cause.

*Procedural history*

This action was initiated by Complaint dated June 22, 2005 seeking damages resulting from plaintiff's warrantless arrest on July 3, 2004. (Docket #1).  On July 15, 2005, defendant Trooper Sean Pierce moved to dismiss the action for failure to state a claim under Fed R. Civ. P 12(b)(6).  (Docket #3)  The motion was denied by order dated September 2, 2005.   Defendant's Motion for Reconsideration was denied by order dated September 19, 2005.  (Docket ##  16, 17).

A Case Management Order issued November 21, 2005 closed discovery on March 3, 2006, and required all dispositive motions to be filed on or before that date.  (Docket # 28)  By Order dated February 24, 2006, discovery was extended thirty days and dispositive motions are to be filed on or before April 6, 2006.

**II. Standard of Review**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law."  Fed.R.Civ.P. 55(c).

Upon a motion for summary judgment, the non-moving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial."  Knabe v. Boury Corp., 114 F.3d 407, 410 n. 4 (3d Cir. 1997).  The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment.  Rule 56(e) does not allow the non-moving party to rely merely upon

bare assertions, conclusory allegations or suspicion.  Fireman's Insurance Company of

Newark v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982).  There is no issue for trial unless

there is sufficient evidence in the record favoring the non-moving party for a jury to

return a verdict for that party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106

S.Ct. 2505, 91 L.Ed. 2d 202  (1986).  In deciding a motion for summary judgment, the

court construes all facts and inferences in the light most favorable to the non-moving

party.  Pollack v. AT&T, 794 F.2d 860, 864 (3d Cir. 1986).


### III. Argument


Plaintiff's claims under 42 U.S.C. §1983 are premised on alleged violations of her

Fourth Amendment rights, including claims that defendant Pierce and an unidentified

supervisor violated plaintiff's rights by detaining and arresting her without probable

cause and falsely imprisoning her.[1]

While not entirely clear given the complaint, plaintiff appears to raise Fourth

Amendment claims of false arrest and false imprisonment.  The Fourth Amendment

provides that people are "to be secure in their persons, houses, papers, and effects, against

unreasonable searches and seizures,... and no Warrants shall issue, but upon probable

cause." U.S. Const. amend. IV.  An arrest by a law enforcement officer without a warrant

"is reasonable under the Fourth Amendment where there is probable cause to believe that

a criminal offense has been or is being committed." Devenpeck v. Alford, 543 U.S. 146,

---

[1] The Office of the Attorney General does not represent Commonwealth defendants
identified merely as John Doe.  Plaintiff has been aware of the identify of the John Doe
defendant for some time, and has not named him as a defendant.

125 S.Ct. 588, 593, 160 L.Ed.2d 537 (2004). The law which has developed around the Fourth Amendment "represents a necessary accommodation between the individual's right to liberty and the State's duty to control crime." Gerstein v. Pugh, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed. 2d 54 (1975). From the individual's viewpoint, that accommodation provides that he or she may not be arrested in the absence of probable cause and may not be detained for over forty-eight hours without a neutral magistrate's review of that probable cause determination. *Id;* Stewart v. Abraham, 275 F.3d 220, 228 (3d Cir. 2001). From the state's perspective, that accommodation provides that a state may arrest and detain an individual without a warrant if it has probable cause and provides for review of the probable cause determination by a neutral party within forty-eight hours of the arrest. *Id.* It is the function of the reviewing neutral magistrate to determine "whether the facts available to the officers at the moment of the arrest would 'warrant a man of reasonable caution in the belief' that an offense has been committed." *Id*. at 228.

### A. The existence of probable cause for the arrest bars plaintiff's action

To successfully bring a claim for false arrest or imprisonment under § 1983, plaintiff must show that defendant Pierce unlawfully detained her, i.e. without probable cause. Renk v. City of Pittsburgh, 537 Pa. 68, 641 A.2d 289, 293 (1994). If probable cause exists for plaintiff's arrest, all of her claims fail. DiNicola v. DiPaolo, 25 F.Supp. 2d 630 (W.D. Pa. 1998). Under the undisputed facts, plaintiff cannot demonstrate lack of probable cause as a matter of law, and defendant Trooper Pierce is entitled to summary judgment.

> ***1.   There was an independent determination made by District Magistrate Abate that there was probable cause for the arrest***

Criminal proceedings in Pennsylvania are instituted either by a written complaint or by a warrantless arrest. Pa.R.Crim.P. 101, 6003A(1). A defendant may be arrested without a warrant, upon probable cause, when the offense is a felony. An arrest without a warrant may be made in a public place when the offense is a felony or misdemeanor committed in the presence of the police officer making the arrest. *Id.*

When, as here, a person has been arrested without a warrant, a complaint shall be filed against that person and they shall be afforded a preliminary arraignment by the proper issuing authority without unnecessary delay. Pa.R.Crim. P. 102(a), 6003 D(1). At the preliminary arraignment, among other proceedings, the issuing authority shall make a determination of probable cause. Without such a determination, the defendant shall not be detained. Pa.R.Crim. P. 140(c), 6003D(1). County of Riverside v. McLaughlin, 500 U.S. 44, 111 S.Ct. 1661, 114 L.Ed. 2d 49(1991).

Shortly after her arrest, plaintiff was arraigned by District Magistrate Abate. District Magistrate reviewed the criminal complaint and affidavit of probable cause. He questioned plaintiff about the allegations against her. Plaintiff told the District Magistrate that the credit card information had been provided to the Econolodge by her cousin. Following a review of this information, the District Magistrate determined that there was probable cause for the arrest, set bond at $10,000 and confined plaintiff to the Erie County jail. The Supreme Court has held that where confinement has been "imposed pursuant to a legal process", damages may not be sought under a claim of false arrest. Heck v. Humphrey, 512 U.S. 477, 484, 114 S.Ct. 2364, 2371. 129 L.Ed. 2d 383 (1994); Morales v. Busbee, 972 F.Supp. 254, 266 (D.N.J., 1997), *appeal dismissed*, 156

F.3d 1225 (3d Cir. 1998).   Moreover, it has been held that if there is a valid false arrest

claim, damages for that claim cover the time of detention up until the issuance of process

or arraignment, but not more.  Morales v. Busbee,  *supra.*

The fact that the charges were ultimately dismissed at the preliminary

hearing by a different District Magistrate has no bearing on the existence of probable

cause **at the time of the arrest**.  The determination of probable cause by the District

Justice at the arraignment is separate and distinct from the determination made at the

preliminary hearing.  At the preliminary hearing, an issuing authority will determine

whether the Commonwealth established a *prima facie* case as to each element of each

offense charged.  Stewart v. Abraham, *supra.*

In Stewart v. Abraham, the Third Circuit compared the concept of "probable

cause" as the term is used in connection with preliminary arraignments and distinguished

it from its usage in preliminary hearings.  The court stated as follows:

> First, it is not at all clear to us that the 'probable cause' standard and the 'prima
> facie case' standard under Pennsylvania law require the Commonwealth to
> provide the same level of assurance that the subject has committed a crime.  The
> different terms chosen to describe the Commonwealth's burden at the time of
> arrest and preliminary arraignment and its burden at the time of the preliminary
> hearings, suggest to us that *prima facie* case standard was intended to require
> different and great assurance of guilt. 'Probable cause,' of course, speaks in terms
> of a probability while 'prima facie case' has been defined by the Pennsylvania
> Supreme Court as evidence 'such that if presented at the trial in court, and
> accepted as true, the judge would be warranted in letting the trial go to the jury.'
> Commonwealth v. Wojdak, 466 A.2d 991 (Pa. 1983).  Thus, while the
> Commonwealth need not convince the preliminary hearing judge of guilt beyond
> a reasonable doubt, it must present admissible evidence at the preliminary hearing
> that would warrant a reasonable jury in finding each of the elements of the offense
> by that standard.

*Id.* 229.

Despite the use of the term "probable cause" in each definition, there is a recognized distinction between the Fourth Amendment probable cause determination made at the preliminary arraignment in Pennsylvania and the prima facie case determination made at the preliminary hearing. Gerstein v. Pugh, *supra*. The preliminary hearing is an adversary proceeding at which a defendant may be represented by counsel, may cross-examine witnesses, may inspect evidence, and may present evidence on one's own behalf. *Id*.; Pa.R.Crim.P. 141 (c). At a preliminary hearing, the Commonwealth must present a prima facie case as to each element of each offense pending against the defendant. If a prima facie case of the defendant's guilt is not established at the preliminary hearing, the defendant shall be discharged. Pa.R.Crim.P. 141 (D), 142(a). Pennsylvania cases recognize "that the standard of probable cause and the prima facie case standard are conceptually different." Stewart v. Abraham, *supra*.; Commonwealth v. McBride, 595 A.2d 589 (Pa. 1991).

The distinction is reflected in a higher legal standard at the preliminary hearing and an increased formality. Where the defendant's supporting materials establish that the police had probable cause to arrest plaintiff, and plaintiff put forth no evidence to the contrary, there is no genuine issue for trial and summary judgment is appropriately entered. Dowling v. City of Philadelphia, 855 F.2d 136, 141 (3d Cir. 1988).

Plaintiff's confinement was imposed pursuant to legal process following an independent determination of probable cause. Accordingly, defendant is entitled to summary judgment in its favor.

**2.**      *Defendant Pierce has produced undisputed evidence to establish the existence of probable cause to arrest plaintiff*

Probable cause exists for an arrest "when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." Rogers v. Powell, 120 F.3d 446, 453 (3d Cir.1997). For purposes of assessing whether an officer had probable cause, the court is to focus on the information that officers had available to them at the time of their alleged unlawful conduct. Orsatti v. New Jersey State Police, 71 F. 3d 480, 484 (3d Cir. 1995).

At the time of the arrest, Trooper Pierce knew that Tonya Traylor had filed a police report claiming that her account had been debited for charges for a room at the Econolodge and passes to Splash Lagoon that were not authorized. He knew that the Streetsboro Police Department was investigating her report of a stolen credit card. He knew that the stolen credit card number had been used to secure a reservation made by Tanielle Shurney for a room at the Econolodge and passes to Splash Lagoon. He knew that Tanielle Shurney arrived at the Econolodge at the scheduled time, presented photo identification, signed for the room and passes and put all the charges on the stolen credit card account. He also knew that Tanielle Shurney was an Ohio resident. Trooper Pierce presented this evidence to his coach, Trooper Szymanski, who determined that there was probable cause to arrest her for theft by deception and access device fraud.

There is more than sufficient evidence to warrant a reasonable person to believe that the two felonies had been committed by plaintiff. Theft by deception is defined at 18 Pa.C.S.A. §4107 as follows:

(a)    Offense defined. – A person is guilty of theft if he intentionally obtains or withholds property of another by deception.  A person deceives if he intentionally:

(1)    creates or reinforces a false impression, including false impressions as to law, value, intention or other state of mind; but deception as to a person's intention to perform a promise shall not be inferred from the fact alone that he did not subsequently perform the promise.

Access device fraud is defined at 18 Pa.C.S.A. §4106 as the use of "an access device to obtain or in an attempt to obtain property or services with knowledge that … the access device was issued to another person who has not authorized its use."

It is essential to note that Trooper Pierce was not presented with any evidence to even suggest that plaintiff claimed she did not make the reservation until after the arrest.

**3.    *Plaintiff has no evidence to refute the existence of probable cause***

It is incumbent on plaintiff to produce evidence to support her allegation, and on which she bears the burden of proof, that her arrest was not premised on the reasonable belief of Trooper Pierce that she had violated the law. <u>Dowling v. City of Philadelphia</u>, *supra*.  Plaintiff has not come forward with any evidence to refute the existence of probable cause.  Plaintiff concedes that a crime had been committed, but contends that the crime was committed by her cousin, Tracey Smith.   Neither Trooper Pierce nor Trooper Szymanski ever heard the name of Tracey Smith until after the arrest was made. Prior to her arrest, the Pennsylvania State Police were unaware of her claim that the credit card number had been provided to the Econolodge by Tracey Smith.  All information in the possession of the Pennsylvania State Police at the time of the arrest was that the reservation had been made by Tanielle Shurney with a credit card that had been reported stolen, and that Tanielle Shurney had checked in, signed for the reservation and placed

9

the charges on the stolen credit card.  District Justice Abate, however, was fully informed

by plaintiff of the alleged complicity of Tracey Smith.  He nonetheless made the

independent determination that there was sufficient probable cause to arrest and detain

plaintiff.

### B.  Defendant is entitled to summary judgment under the doctrine of qualified immunity

In the alternative, defendant Trooper Pierce is entitled to summary judgment

under the doctrine of qualified immunity.  In accordance with Harlow v. Fitzgerald, 457

U.S. 800, 102 S.Ct. 2727, 73 L.Ed. 2d 396 (1982), government officials performing

discretionary functions are shielded from liability for civil damages to the extent their

conduct does not violate clearly established federal statutory or constitutional rights of

which a reasonable person would have known.  457 U.S. at 818.   Qualified immunity

protects police officers from claims of false arrest, false imprisonment or malicious

prosecution arising out of an arrest, unless, "on an objective basis, it is obvious that no

reasonably competent officer would have concluded that probable cause existed" for

arrest and prosecution forming the basis of the claim.  Radich v. Goode, 886 F.2d 1391,

1395 (3d Cir. 1989).  Based upon the evidence of this arrest, Trooper Pierce had

sufficient evidence inculpatory of plaintiff such that a reasonably competent officer in his

position could well have believed that probable cause existed for the arrest and

prosecution.

 A government official is entitled to qualified immunity if "his conduct does not

violate clearly established statutory or constitutional rights of which a reasonable person

would have known." <u>Berg v. County of Allegheny</u>, 219 F.3d 261, 272 (3d Cir. 2000), *quoting*, <u>Harlow v. Fitzgerald</u>, *supra*.   The issue is whether a "reasonable officer could have believed that his or her conduct was lawful, in light of the clearly established law and the information in the officer's possession." <u>Berg</u>, 219 F.3d at 272.  The inquiry involves two parts.  First, did the officer's conduct violate clearly established law.  If so, did he nevertheless reasonably believes that his conduct was lawful in light of the information possessed at the time.  In the instant case, Trooper Pierce's conduct was well inside the bounds of clearly established law.   Trooper Pierce responded to a report that an individual had used a stolen credit card to purchase a hotel room. Trooper Pierce arrived at the hotel in question and interviewed the hotel employee who had processed Plaintiff's purchase.  This employee, Wendy Marie Emery, is listed by name in Trooper Pierce's Incident Report.  Ms. Emery provided Trooper Pierce with the stolen credit card number, specifically identified Plaintiff as the individual who purchased a room using said number, and provided Trooper Pierce with a receipt for the purchase signed by Plaintiff.   It was only after Trooper Pierce obtained this information that he placed Plaintiff under arrest.

As such, Trooper Pierce acted reasonably, both with regard to the law and the information in his possession, in arresting Plaintiff.  Plaintiff's claims against Trooper Pierce should therefore be barred by qualified immunity.

## IV. Conclusion

WHEREFORE, defendant Trooper Sean Pierce is entitled to summary judgment in his favor.

Respectfully submitted,

**Thomas W. Corbett, Jr.**
Attorney General

BY:    \s\ Susan H. Malone_____
SUSAN H. MALONE
Chief Deputy Attorney General
PA I.D. No. 30280

SUSAN J. FORNEY
Chief Deputy Attorney General
Chief Litigation Section

OFFICE OF ATTORNEY GENERAL
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA 15219

(412) 565-7680

Date: March 30, 2006

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Brief in Support of

Motion for Summary Judgment was electronically served on all counsel of record, this

30th day of March, 2006.


By:     \s\ Susan H. Malone
Susan H. Malone, Esq.
564 Forbes Avenue
Manor Complex – 6th Floor
Pittsburgh, PA  15219
412-565-7680
smalone@attorneygeneral.gov
Pa. ID 30280
Attorney for Trooper Sean Pierce

13