IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TANIELLE SHIRNEY,

        PLAINTIFF

  vs.

SCOTT'S ECONO INN INC
SCOTT'S SPLASH LAGOON, INC

                              No.CA 05-196 Erie

SEAN PIERCE, INDIVIDUALLY AND
IN HIS CAPACITY AS A TROOPER
OF THE PENNSYLVANIA STATE POLICE

JOHN DOE, INDIVIDUALLY AND IN
HIS CAPACITY AS THE SUPERVISOR
OF TROOPER SEAN PIERCE
                DEFENDANTS


ON BEHALF OF TANIELLE SHURNEY PLAINTIFF


A.J. ADAMS, Esq.
ATTORNEY FOR PLAINTIFF
602 West 9th. Street
Erie, Pa. 16502
814-456-3681
Pa. # 34345

FILED
'06 APR -6 P2:37
CLERK
U.S. DISTRICT COURT

Page 1

# PLAINTIFF'S PRETRIAL STATEMENT

1. JURISDICTION AND STATEMENT OF FACTS

   The plaintiff hereby incorporates by reference the complaint filed in this case.

2. LIABILITY OF DEFENDANTS

   The issue of probable cause is outlined in the attached treatise. The liability of Scott's Is outlined in the attached ALR citation. The latter was provided to Scott's insurance Carrier well over a year ago. Both attachments were provided to all counsel during Discovery.

3. PERSONAL INJURIES CLAIMED

   The plaintiff incorporates by reference the damage section of her Complaint. It should Also be noted that the plaintiff reflected subsequent emotional injury due to the Murder of her son during the discovery phase. To summarize, the plaintiff is seeking All of those damages that necessarily flow from her arrest and imprisonment. Aside From her out of pocket expenses in defending the criminal case and prosecuting this Civil action, plaintiff is seeking $1,000.00 which needed to be posted as bail.

4. FACTS TO BE LITIGATED

   Because plaintiff's request for admissions has not been answered by all of the parties, counsel is unable to fully respond. It should be noted that counsel has waited Until the last day set for the filing of this narrative in anticipation of their response.

5. STATEMENT OF APPLICABLE LAW

   From the outset, the plaintiff has indicated that she had nothing to do with making The reservations at Splash Lagoon. Further, the plaintiff has testified that Tracy Smith was responsible for making the reservations and that it was placed in her Name because she was the adult supervisor of the children (including Ms. Smith's Daughter) who was to accompany the group.

   It is reasonable to assume that the Defendants are attempting to rely upon an Alleged series of telephone conversations between the reservation center and Unknown third parties to justify their actions.

   The issue for the Court is whether these conversations can be admitted pursuant To F.R.E. 901 (b) (5) (6).

   Counsel is unaware as to what percentage of the 355,000 people who visited Splash

Lagoon that year used the reservation system, but how could these calls be admissible

When there are no records of the calls and nooone can recognize the voices in the

Alleged calls. Further, after reviewing the Defendants' summary judgment motions,

There does not appear to be ANY circumstantial evidence that would justify

Admitting the calls especially as to the identity of the plaintiff as a participant.

Smithers v. Light 305 Pa. 141, 157 A 489 (1931).

6. EXHIBITS

Again, because of a lack of response to plaintiff's request for admissions, this

Section cannot be completed.  Counsel may very well not have any other than

Those attached to her complaint or that have been introduced during depositions.

7. WITNESSES

The parties and those individuals whose names and testimonies are reflected in

The parties' initial disclosures together with any record keepers from the Erie

County Prison.

April 6, 2006                                          Respectfully submitted,

                                                       *[signature]*
                                                       A.J. Adams