The fact that an agent or ... discretion, or infirmity of ... by the circumstances, has inflicted unjustifiable injury ...bility.[49] There is also some ... liable in damages for false ...ppel.[50]

...isonment for the actions of ...oyment and not within the ... the servant or agent caus... of the authority expressly ... there is no liability on the ... in the absence of ratifica... willful torts, not to protect ...personal object,[54] or acts in ... of the master,[55] the master

...250. 62 A 526; Heinold v Muntz ... 262 SW2d 32; Taylor v Erie R. ... 198 NE 570; Houston v Min... & S. S. M. Ry., 25 ND 469, 141 ...ardt v United Inv. Co., 121 SC ... 35 ALR 637.

... if a store is not liable for the ... of an employee in causing a ...ution to be instituted against ... having given a bad check in ... merchandise, even though the ...ention was to secure a benefit for ... Lamm v Charles Stores Co., 201 ... 444, 77 ALR 923.

... asserting defense that employ... within scope of employment. ... Pr Forms (Rev), False Imprison...

...m News Co. v Browne, 228 Ala ...3; Mayfield v St. Louis, I. M. & ... 24, 133 SW 168; Cobb v Si... 397, 97 NW 276.

...ntiff was arrested at the instance ... of the defendant's department ... alleged issuance of bad checks, ...ger had no authority to receive ... ment for merchandise, and the ...ted by the check involved was ... manager's personal funds before ... the warrant for the arrest of ... peremptory instruction for the ... proper, since he had no interest ... the prosecution and the manag... prompted solely by personal mo...tkins. 208 Ky 86, 270 SW 454.

A city cannot be held liable under respondeat superior theory,[56] nor does such vicarious liability lie against a municipality on a respondeat superior theory in a § 1983 action.[57]

The question of whether the agent was acting within the scope of employment in causing the lawful arrest is generally reserved for the jury.[58]

### § 50. Distinction between protecting master's interests and vindicating justice

There is a marked distinction between a false imprisonment or arrest caused by an agent for the purpose of protecting the rights or interests of the master—that is, to protect property, to prevent its theft, or to recover it back—and an arrest or imprisonment caused for the purpose of punishing an offender for an act already done.[59] Generally, the trend of decisions has been to exonerate the principal where the act was not for the protection of the principal's property or interest, but was to vindicate public justice or to redress an offense against society or to punish the offender for something already done, even though the wrongful act had its origin in some agency relationship.[60] However, as to many employments, there is an implied authority to do all things that may be proper and necessary for the protection of the master's property, and it has been held that where a servant has reason to believe that property has actually been

56. Vela v White (CA5 Tex) 703 F2d 147.

57. Santiago v Fenton (CA1 Mass) 891 F2d 373.

58. Crescent Amusement Co. v Scott, 34 Ala App 335, 40 So 2d 882, cert den 252 Ala 296, 40 So 2d 886; Hanna v Raphael Weill & Co., 90 Cal App 2d 461, 203 P2d 564; S. H. Kress & Co. v Powell, 132 Fla 471, 180 So 757; Komorowski v Boston Store of Chicago, 263 Ill App 88; Allen v Ritter (Miss) 235 So 2d 253; Peak v W. T. Grant Co. (Mo App) 386 SW2d 685; Rolnick v Borden's Farm Products Co., 214 App Div 259, 212 NYS 189; Darden v Louisville & N. R. Co., 171 Ohio St 63, 12 Ohio Ops 2d 82, 167 NE2d 765; Hayes v Sears, Roebuck & Co., 34 Wash 2d 666, 209 P2d 468.

In action brought under the Federal Employers' Liability Act for false arrest of railroad employee by alleged agents of railroad, whether individual defendants were acting in official capacity as public officers, or whether they were acting within scope of their employment as agents of railroad, thereby causing their employer to incur liability, was a question of fact. Cales v Chesapeake & O. R. Co. (WD Va) 300 F Supp 155, 72 BNA LRRM 2096, 61 CCH LC ¶ 10361.

*Annotations:* 92 ALR2d 15 § 3[d].

59. Southern R. Co. v Beaty, 212 Ala 608, 103 So 658.

60. Southern R. Co. v Beaty, 212 Ala 608, 103 So 658; Arkansas Cent. Power Co. v Hildreth, 174 Ark 529, 296 SW 33; Lichtenstein v New Orleans R. & L. Co., 158 La 284, 103 So 769; McCrory Stores Corp. v Satchell, 148 Md 279, 129 A 348; Pridgen v Carolina Coach Co., 229 NC 46, 47 SE2d 609; Bushardt v United Inv. Co., 121 SC 324, 113 SE 637, 35 ALR 637.

Where there was some evidence that a hotel detective had caused plaintiff's subsequent unlawful detention after his justified arrest on a charge of receiving property previously stolen from the hotel, the hotel would not be liable, since the offense had already been committed and the detention did not aid in its business nor serve to protect its interests. Mackie v Ambassador Hotel & Inv. Corp., 123 Cal App 215, 11 P2d 3.

Where a railroad company's police inspector and agent arrested plaintiff for alleged theft of golf equipment at the request of a head groundkeeper of a golf course which leased adjoining premises from the defendant, the railroad was not liable for false imprisonment. Louisville & N. R. Co. v Vinson, 310 Ky 854, 223 SW2d 89.

Where a store manager, after having recovered property allegedly stolen by the plaintiff, detained her until the arrival of police for the purpose of prosecuting the plaintiff and vindicating the law, the detention was without the scope of the manager's employment. Pruitt v Watson, 103 W Va 627, 138 SE 331 (criticized on other grounds by Nees v Julian Goldman Stores, Inc., 109 W Va 329, 154 SE 769).

*Annotations:* Principal's liability for false arrest or imprisonment caused by agent or servant, 92 ALR2d 15 (§ 8 superseded by Principal's liability for punitive damages because of false arrest or imprisonment, or malicious prosecution, by agent or employee, 93 ALR3d 826).

Case 1:05-cv-00196-SJM Document 43-2 Filed 04/06/2006 Page 2 of 9

stolen and that the property could be recovered by taking the supposed thief into custody, and the evidence showed beyond question that the servant's objective in procuring the arrest of the plaintiff was not to vindicate public justice, but to recover the property or charges due thereon, the servant is acting within the scope of employment and the limits of implied authority, and the master is liable, however erroneous, mistaken, or malicious the act may be.[61]

### § 51. Ratification

The general rule that a principal or master is not liable for acts of a servant or agent which are committed outside the scope of the employment[62] is limited by the doctrine of ratification. Even though a principal has not authorized the act, the principal may ratify it and thereby be liable for a false arrest or imprisonment by the agent for which the principal would not have been liable originally.[63] Ratification may be by acts of omission as well as commission.[64] Retaining a servant in employment after notice of a wrongful act is some evidence of ratification,[65] but the principal's information should be full and

61. S. H. Kress & Co. v Powell, 132 Fla 471, 180 So 757; Lewis v Montgomery Ward & Co., 144 Kan 656, 62 P2d 875; McDermott v W. T. Grant Co., 313 Mass 736, 49 NE2d 115; Hurst v Montgomery Ward & Co. (Mo App) 107 SW2d 183; Long v Eagle 5, 10 & 25c Store Co., 214 NC 146, 198 SE 573; Combs v Kobacker Stores, Inc. (App, Franklin Co) 65 Ohio L Abs 326, 114 NE2d 447; Sebastianelli v Cleland Simpson Co., 152 Pa Super 203, 31 A2d 570.

Where the assistant manager of the defendant's store pursued the plaintiff, whom he mistakenly suspected of shoplifting, into another store for the purpose of recovering the stolen property, and there caused him to be arrested and searched, the defendant was responsible for his employee's acts. Moseley v J. G. McCrory Co., 101 W Va 480, 133 SE 73.

*Annotations:* 92 ALR2d 15 § 7.

62. § 49.

63. Caldwell v Standard Oil Co., 220 Ala 227, 124 So 512; Rolnick v Borden's Farm Products Co., 214 App Div 259, 212 NYS 189; S. H. Kress & Co. v Rust, 132 Tex 89, 120 SW2d 425; Rogers v Sears, Roebuck & Co., 48 Wash 2d 879, 297 P2d 250; Lemke v Anders, 261 Wis 555, 53 NW2d 436.

Where liability of corporation was predicated solely on its ratification of acts of manager of one of its service stations, unrefuted affidavit of corporate officer that manager had no authority to swear out warrant charging person with crime, and that manager was totally responsible for money shortages of station while open for business, entitled corporation to summary judgment in action for false imprisonment and malicious prosecution resulting from manager's act of swearing out warrant charging another with larceny of money while station was open for business. Brown v Triton, Inc., 115 Ga App 785, 156 SE2d 200.

In action for false arrest, abuse of process, and malicious prosecution arising out of agreement between third party and defendant's plantation manager to cultivate 32 acres of cotton, third party in turn having entered into working arrangement with plaintiff but argument ensued between third party and plaintiff with result that, on plaintiff's refusing to leave premises, plantation manager made out affidavit charging plaintiff with trespassing, question was for jury whether signing of affidavit alleging trespass was outside scope of plantation manager's authority, and, if so, whether his actions were ratified by plantation owners so as to render them liable as principals. Allen v Ritter (Miss) 235 So 2d 253.

As to liability of master or principal for punitive damages based on ratification of act of servant or agent, see § 155.

*Annotations:* 92 ALR2d 15 § 4.

64. Rogers v Sears, Roebuck & Co., 48 Wash 2d 879, 297 P2d 250; Cobb v Simon, 119 Wis 597, 97 NW 276.

Where plaintiff's false arrest on a charge of trespass was caused by a deputy sheriff who was also employed as a watchman by defendant corporation and there was evidence that after defendant's regular attorney was notified of the arrest he assisted in the prosecution of the plaintiff, the ratification by the attorney was sufficient to constitute "direct corporate action" as alleged in the complaint. Ex parte Central Iron & Coal Co., 212 Ala 130, 101 So 824.

65. Great Atlantic & Pacific Tea Co. v Lethcoe (CA4 W Va) 279 F2d 948; Safeway Stores, Inc. v Gibson (Mun Ct App Dist Col) 118 A2d

complete in order to justify the conclusion of ratification on this ground.[66] There is some indication that mere passive approval of, acquiescence in, knowledge of, or silence in regard to the act of a servant in making a wrongful arrest will not amount to a ratification thereof,[67] although under the circumstances of some cases it has been held that by such conduct an employer may be found to have ratified the act of the employee.[68]

## § 52. Effect of exoneration of agent or servant

Where a master is sued for a false arrest or imprisonment caused by a servant, the master may prove in justification that the servant cannot be held liable, or has been released, and as a general rule if the servant is exonerated or released from liability, the master is also exonerated.[69] There are a number of exceptions to this rule, however, such as where liability is based on the acts of other servants, where there are separate grounds upon which to find the master liable, where the master subsequently ratifies the act of his servant, or where the act was performed under the direction and supervision of the master.[70]

## § 53. Liability of private corporation

The liability of a corporation in tort may include an action for a false arrest or a false imprisonment. The general rule is that a corporation may be held liable for the false imprisonment or false arrest of a third person caused by the

386, affd 99 US App DC 111, 237 F2d 592; Cobb v Simon, 119 Wis 597, 97 NW 276.

66. Cobb v Simon, 119 Wis 597, 97 NW 276.

67. Henriques v Franklin Motor Car Co., 260 Mass 518, 157 NE 580.

68. Topolewski v Plankinton Packing Co., 143 Wis 52, 126 NW 554.

The principal ratified an unauthorized arrest made by his agent where, after notice of the arrest, he did not investigate the circumstances under which the arrest was made but left the agent in control of the situation. Southern R. Co. v Beaty, 212 Ala 608, 103 So 658; Alamo Downs, Inc. v Briggs (Tex Civ App) 106 SW2d 733, writ dism w o j.

Where the captain of the police force of the defendant railroad investigated plaintiff for theft of railroad property, the investigation having been ordered by defendant's officers, who conducted and took part in all of the subsequent proceedings and who did not object to what was done, even though it was clear that the investigation had shown that plaintiff had not been guilty of any wrongdoing; and where a supervisor of a division of the railroad, with knowledge of the facts, discharged plaintiff from his employment with the railroad and permitted the captain to wrongfully commit him to jail, defendant was liable. Keidel v Baltimore & O. R. Co., 281 Pa 289, 126 A 770.

69. Turner v Mellon, 41 Cal 2d 45, 257 P2d 15; Burnett v Griffith (Mo) 739 SW2d 712, transf to (Mo App) 1988 Mo App LEXIS 480, later proceeding, en banc (Mo) 769 SW2d 780; Harrer v Montgomery Ward & Co., 124 Mont 295, 221 P2d 428; Goines v Pennsylvania R. Co. (1st Dept) 3 App Div 2d 307, 160 NYS2d 39, reh den (1st Dept) 4 App Div 2d 831, 166 NYS2d 303 and later proceeding (1st Dept) 6 App Div 2d 531, 179 NYS2d 960, reh and app den (1st Dept) 7 App Div 2d 837, 182 NYS2d 295 and app dismd without op 5 NY2d 711 and app dismd 5 NY2d 1002, 185 NYS2d 257, 158 NE2d 121; Kraft v Montgomery Ward & Co., 220 Or 234, 348 P2d 239, 92 ALR2d 1; Virginia R. & P. Co. v O'Flaherty, 118 Va 749, 88 SE 312.

***Annotations:*** Principal's liability for false arrest or imprisonment caused by agent or servant, 92 ALR2d 15 (§ 8 superseded by Principal's liability for punitive damages because of false arrest or imprisonment, or malicious prosecution, by agent or employee, 93 ALR3d 826).

70. Kraft v Montgomery Ward & Co., 220 Or 234, 348 P2d 239, 92 ALR2d 1.

Where the evidence is such that the jury could find that the defendant acted through an arresting officer and was responsible for his act, aside from, and independent of, whatever was done by the defendant's servant, although the servant also directed the arrest to be made, exoneration of the servant does not exonerate the master. Vest v S. S. Kresge Co. (Mo App) 213 SW 165.

act of its officer, agent, or employee while acting within the scope of authority or the course of employment.[71] However, as in other cases of liability of one for the act of another, in order to bind the corporation it must appear that the officer, agent, or employee through whom the arrest or imprisonment was caused was authorized in such respect, that the act if unauthorized originally was later ratified, or that the act was done within the scope of employment or general line of duty of such officer, agent, or employee.[72]

Exoneration of the employee who caused an assertedly false imprisonment exonerates the corporate employer.[73]

**§ 54. Liability for acts of particular servants or agents**

The rules in regard to the liability or nonliability of the master or principal for the acts of a servant or agent in regard to false imprisonment have been applied to various particular servants or agents; including, among others, amusement park employees,[74] attorneys at law,[75] auditors or bookkeepers,[76] bank officers or employees,[77] carriers' employees,[78] cashiers,[79] clerks,[80] collectors,[81]

71. Director General of Railroads v Kastenbaum, 263 US 25, 68 L Ed 146, 44 S Ct 52; St. Louis, I. M. & S. R. Co. v Tukey, 119 Ark 28, 175 SW 403; Moffatt v Buffums' Inc., 21 Cal App 2d 371, 69 P2d 424 (secretary-treasurer); Evansville & T. H. R. Co. v McKee, 99 Ind 519; Whitman v Atchison, T. & S. F. R. Co., 85 Kan 150, 116 P 234 (unlawful detention of injured passenger to obtain written statement); Jacques v Childs Dining Hall Co., 244 Mass 438, 138 NE 843, 26 ALR 1329 (plaintiff and her aunt detained by cashier in restaurant when only one check was presented); Lamm v Charles Stores Co., 201 NC 134, 159 SE 444, 77 ALR 923; Alamo Downs, Inc. v Briggs (Tex Civ App) 106 SW2d 733, writ dism w o j.

Defendant's false arrest claim against an individual employee of a company which supplied bail bonds was properly kept from the jury in the absence of evidence that the individual defendant so conducted and controlled the business as to make it his instrumentality and that the individual was liable for claims against the corporation; the plaintiff's claim was properly against the corporation. Bloodsworth v Morgan (Ala) 593 So 2d 55, reh den, without op (Ala) 1992 Ala LEXIS 136.

Where a vice-president of a fur company expressly ordered and directed plaintiff's arrest and imprisonment on a charge of theft of a fur coat, the trial court properly directed a verdict for plaintiff. Oliver v Kessler (Mo App) 95 SW2d 1226.

*Annotations:* Principal's liability for false arrest or imprisonment caused by agent or servant, 92 ALR2d 15 (§ 8 superseded by Principal's liability for punitive damages because of false arrest or imprisonment, or malicious prosecution, by agent or employee, 93 ALR3d 826).

*Forms:* Instruction to jury on liability of corporation for act of agent authorized or ratified by corporation, or done within course of employment. 10 Am Jur Pl & Pr Forms (Rev), False Imprisonment, Form 45.

72. St. Louis, I. M. & S. R. Co. v Sims, 106 Ark 109, 152 SW 985; Lamm v Charles Stores Co., 201 NC 134, 159 SE 444, 77 ALR 923; Kraft v Montgomery Ward & Co., 220 Or 234, 348 P2d 239, 92 ALR2d 1; Virginia R. & P. Co. v O'Flaherty, 118 Va 749, 88 SE 312.

73. Wade v Campbell, 211 Mo App 274, 243 SW 248.

As to exoneration of agent or servant, generally, see § 52.

74. Rice v Harrington, 38 RI 47, 94 A 736.

75. § 55.

76. Harrer v Montgomery Ward & Co., 124 Mont 295, 221 P2d 428.

*Annotations:* Principal's liability for false arrest or imprisonment caused by agent or servant, 92 ALR2d 15 (§ 8 superseded by Principal's liability for punitive damages because of false arrest or imprisonment, or malicious prosecution, by agent or employee, 93 ALR3d 826).

77. See Ginn v Citizens & Southern Nat'l Bank, 145 Ga App 175, 243 SE2d 528, 24 UCCRS 15 (where loan/officer instigated arrest by knowingly relating to police officer false information, loan officer and bank were liable for false imprisonment).

78. See 14 Am Jur 2d, Carriers §§ 1208 et seq.

79. Jacques v Childs Dining Hall Co., 244

held them at gunpoint. The Third Circuit held their continued detention at gunpoint to be unreasonable and thus actionable under §1983. Similarly, in Holland ex rel. Overdorff v. Harrington, 268 F.3d 1179, 1192 (10th Cir. 2001), the court found that "[T]he display of weapons, and the pointing of firearms directly at persons inescapably involves the immediate threat of deadly force." The court added: "Pointing a firearm directly at a child calls for even greater sensitivity to what may be justified or what may be excessive under all the circumstances." Id. at 1193.

**b. Unlawful Arrest**

Probable cause to arrest exists where the police have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient in and of themselves to warrant a person of reasonable caution to believe that: 1) a criminal offense has been or is being committed; 2) by the person to be arrested. Dunaway v. New York, 442 U.S. 200, 208 (1979); Beck v. Ohio, 379 U.S. 89 (1964). See United States v. Kithcart, 134 F.3d 529, 531 (3d Cir. 1998); Barna v. City of Perth Amboy, 42 F.3d 809, 819 (3d Cir. 1994). The good or bad faith of the arresting office is irrelevant. Whren v. United States, 517 U.S. 806 (1996); Beck v. Ohio, supra.

The legal test for determining the constitutional validity of an arrest is well established. As stated in Beck v. Ohio, 379 U.S. 89, 91 (1964):

> Whether that [warrantless] arrest was constitutionally valid depends in turn upon whether, at the moment the arrest was made, the officers had probable cause to make it – whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense.

See also, United States v. Kithcart, 134 F.3d 529, 531 (3d Cir. 1998); Barna v. City of Perth Amboy, 42 F.3d 809, 819 (3d Cir. 1994).

There are four important Fourth Amendment principles that are generally relevant to unlaw arrest cases. *First*, probable cause to arrest requires both sufficient cause to believe that a crim was committed and that the person arrested had engaged in the criminal conduct. The Suprem Court has specifically prohibited arrests based on mere presence in a location where contraban or criminal activity may be present and has consistently required "particularized" cause for eve person arrested. In Ybarra v. Illinois, 444 U.S. 85 (1979), the Court found no cause to search patrons at a tavern even though the police had a search warrant that stated probable cause to believe that drugs would be found in the tavern and in the possession of the tavern owner. The Court ruled that:

> a person's mere propinquity to others independently suspected of criminal activity does not, without more, give rise to probable cause to search that person. Sibron v. New York, 392 U.S. 40, 62-63. Where the standard is probable cause, a search or seizure of a person must be supported by probable cause particularized with respect to that person. This requirement cannot be undercut or avoided by simply pointing to the fact that coincidentally there exists probable cause to search or seize another or to search the premises where the person may happen to be. The Fourth and Fourteenth Amendments protect the "legitimate expectations of privacy" of persons, not places. See Rakas v. Illinois, 439 U.S. 128, 138-143, 148-149; Katz v. United States, 389 U.S. 347, 351-352.

The Fourth Amendment was intended to end the practice, common in the English colonies, "open-ended" or "general" warrants and the related practices under the writs of assistance that permitted searches and arrests based on mere association and without specific individualized evidence of criminal conduct. Ybarra, 444 U.S. at 92, n.4; Henry v. United States, 361 U.S. 98

(1959). Of course, the same standard applies whether the search or arrest is made pursuant to a warrant or is made without a warrant. Wong Sun v. United States, 371 U.S. 471 (1963).

*Second*, there are circumstances in which the police may stop or detain a person for investigation of suspected criminal conduct where there is "reasonable suspicion" of criminal activity. See, Terry v. Ohio, 392 U.S. 1 (1968); Michigan v. Summers, 452 U.S. 692 (1981); Leveto v. Lapina, 258 F.3d 156 (3d Cir. 2001). Once an arrest is made, full probable cause is required. See, Dunaway v. New York, 442 U.S. 200 (1979).

*Third*, mere presence or association cannot establish probable cause and the doctrine of "constructive possession" provides a narrow and carefully delimited ground for arrest for possession of contraband only where the evidence shows both conscious dominion over and an intent to control the contraband. See, United States v. Jenkins, 90 F.3d 814 (3d Cir. 1996); Commonwealth v. Thompson, 779 A.2d 1195 (Super. Ct. 2001). Constructive possession cannot be established by "mere proximity to the [contraband] or mere presence on the property where it is located or mere association with the person who does control the [contraband]." United States v. Brown, 3 F.3d 673, 680 (3d Cir. 1992). As the Thompson court stated, 779 A.2d at 1199, "[i]t is important to note that 'guilt by association is unacceptable.' [Commonwealth v.] Juliano, 490 A.2d at 894 . . . Further, 'mere presence of one person, among a group at a scene of contraband, is not a strong factor indicative of guilt.'" The failure to demonstrate the highly demanding elements of constructive possession establishes lack of probable cause for arrest. United States v. Butts, 704 F.2d 701 (3d Cir. 1983).

Evidence of mere presence or association with persons who have committed criminal acts does not establish probable cause. See, United States v. Di Re, 332 U.S. 581, 583-87

(1948)(where probable cause existed to arrest driver of car for criminal possession, there probable cause to arrest the other occupants of the car as they were merely present); Marl Clarke, 102 F.3d 1012, 1029 (9th Cir. 1996)(while police had probable cause to believe th stolen property would be found in designated locations, there was no probable cause to su the search or arrest of persons found during the search absent specific information connec each person to criminal activity); Swint v. City of Wadley, 51 F.3d 988, 996-67 (11th Cir. 1995)(information supporting belief that social club was being used in the sale of narcotics not provide even arguable probable cause for the detention and search of persons found ins the club); United States v. Brown, 951 F.2d 999, 1002-03 (9th Cir. 1991)(being part of an o corrupt police narcotics unit not sufficient to establish probable cause that the individual off was involved in the conspiracy even though he was present during certain illegal acts by oth officers).[2]

*Fourth*, police have the duty to consider all relevant and available information, including exculpatory facts, in determining whether there is probable cause to arrest. They are not free ignore evidence that would dispel probable cause and they must conduct a "reasonably thoro investigation prior to arresting a suspect, at least in the absence of exigent circumstances . . ." Kuehl v. Burtis, 173 F.3d 646, 650 (8th Cir. 1999). See, Wilson v. Russo, 212 F.3d 781, 790 Cir. 2000); Gardenhire v. Schubert, 205 F.3d 303 (6th Cir. 2000); Baptiste v. J.C. Penney Co., 147 F.3d 1252 (10th Cir. 1998).

---

[2] There is a parallel line of cases in which courts have struck down search warrants as "general warrants" where they fail to describe with sufficient particularity the place to be searched or the items to be seized. See United States v. Stefonek, 179 F.3d 1030 (7th Cir. 199 United States v. Kow, 58 F.3d 423 (9th Cir. 1995).

Finally, to determine whether the police had probable cause to arrest, it is necessary to consider all of the information available to them at the time of the decision to make the arrest. Information secured after the arrest is irrelevant to this issue since the police may not "bootstrap" their arguments on probable cause by what is discovered after the arrest is effectuated. See, Wong Sun v. United States, 371 U.S. 471 (1963); Parkhurst v. Trapp, 77 F.3d 707, 711 n.4 (3d Cir. 1996).

**c. Unreasonable Search and Seizure**

**1. Unlawful search of person:**

Searches and seizures conducted in violation of the Fourth and Fourteenth Amendments are actionable under the Civil Rights Act. Monroe v. Pape, 365 U.S. 167 (1961). An unlawful search and seizure which infringes upon either personal liberty or property rights creates a cause of action under §1983. Lynch v. Household Finace Corp., 405 U.S. 538 (1972). Search and seizure problems are presented in a wide variety of circumstances.

**2. Intrusive Bodily Searches:**

The reasonableness of bodily searches is determined by weighing the intrusiveness of the search, the government's interest in performing the search, and the manner in which the search is executed. Schmerber v. California, 384 U.S. 757 (1966). Courts have consistently followed the Fourth Amendment principle that "the greater the intrusion, the greater must be the reason for conducting the search." United States v. Afanador, 567 F.2d 1325, 1328 (5th Cir. 1978)(quoting United States v. Love, 413 F.Supp. 1122, 1127 (S.D.Tex.), aff'd 538 F.2d 898 (5th Cir.), cert denied, 429 U.S. 1025 (1976). As the First Circuit reasoned in United States v. Wardlaw, 576 F.2d 932, 934 (1st Cir. 1978), "...what constitutes a 'reasonable suspicion' to justify a particular