IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


**TANIELLE SHURNEY,**
                  *Plaintiff,*

Vs.

                  No. CA 05-196 Erie
                  CIVIL ACTION
                  ELECTRONICALLY FILED PLEADING

**SCOTT'S ECONO INN, INC.**
**SCOTT'S SPLASH LAGOON, INC.**

**SEAN PIERCE, INDIVIDUALLY AND IN**
**HIS CAPACITY AS A TROOPER OF**
**THE PENNSYLVANIA STATE POLICE**

**JOHN DOE, INDIVIDUALLY AND IN**
**HIS CAPACITY AS THE SUPERVISOR**
**OF TROOPER SEAN PIERCE OF THE**
**PENNSYLVANIA STATE POLICE**
                  *Defendants*

**SCOTT'S SPLASH LAGOON, INC.'S REPLY BRIEF IN SUPPORT OF JOINT MOTION FOR SUMMARY JUDGMENT**

Filed on behalf of Scott's Splash Lagoon, Inc. and Scott's Econo Inn, Inc.

Counsel of Record for these parties:

Gary D. Bax, Esq.
MURPHY TAYLOR, L.L.C.
900 State Street, Suite 202
Erie, Pennsylvania 16501
Telephone: (814) 459-0234
Fax: (814) 456-2540
Email: G_Bax@msn.com
PA38520
*Attorneys for Scott's Splash Lagoon, Inc.*

### SCOTT'S SPLASH LAGOON, INC.'S REPLY BRIEF IN SUPPORT OF JOINT MOTION FOR SUMMARY JUDGMENT

NOW COMES the Defendant, Scott's Splash Lagoon, Inc., by and through its attorneys, Murphy Taylor, L.L.C., and files the following reply brief in support of the Joint Motion for Summary Judgment filed by Scott's Econo Inn, Inc. and Scott's Splash Lagoon, Inc., and states the following:

**I.     FACTS AND BACKGROUND**

Defendants Scott's Econo Inn, Inc. and Scott's Splash Lagoon, Inc. filed their Joint Motion for Summary Judgment, Brief, and Concise Statement of Facts in Support of Joint Motion for Summary Judgment, on March 28 and 30, 2006.  Codefendant Pennsylvania State Police Trooper Sean Pierce filed his Summary Judgment Motion, Brief, and Concise Statement of Material Facts on March 30, 2006.  Plaintiff Tanielle Shurney filed her response, titled "On Behalf of Tanielle Shurney Plaintiff", on April 25, 2006.  However, Plaintiff did not file any response to Trooper Pierce's Concise Statement of Material Facts, or the Concise Statement of Facts submitted on behalf of Scott's Econo Inn, Inc. or Scott's Splash Lagoon, Inc.  Accordingly, those facts pleaded by the Defendants should be deemed as undisputed and material, pursuant to L.R. 56.1(E).

Plaintiff Shurney does not dispute that a reservation was fraudulently purchased in her name through the use of theft victim Tonya Traylor's debit card, or that the criminal investigation was initiated by Ms. Traylor well before the police contacted the Splash Lagoon

reservation center. Thus, Plaintiff Shurney cannot dispute the fact that neither Econo Inn or Splash Lagoon employees instigated or initiated the Plaintiff's arrest.

Plaintiff Tanielle Shurney has made a number of allegations in her response regarding the actions of Splash Lagoon reservation manager Patty Purchase. The allegations regarding Ms. Purchase's actions are contrary to the discovery record developed in this case. Defendant Splash Lagoon takes this opportunity to respond to the Plaintiff's unfounded allegations.

**II.    ISSUES AND ARGUMENT**

    *A.    Plaintiff's contentions regarding the actions of the Splash Lagoon reservation center manager are not supported by the record and should be disregarded by this Court.*

Plaintiff Shurney argues in her response to the joint summary judgment motion that a Splash Lagoon reservation manager, Patty Purchase, acted in a manner which gives rise to liability. Plaintiff Shurney's liability contentions are not supported by any citation to the discovery record. Defendant Splash Lagoon takes this opportunity to refute these unsupported allegations.

    *1.    "She [Patty Purchase] admittedly lied in an alleged telephone call to someone who identified herself as the Plaintiff by saying on the day before the arrest that the reservation was valid and that the caller should appear the next day at noon". Plaintiff Shurney's Response, p. 6.*

Witness Patty Purchase was deposed in this lawsuit. A review of her deposition testimony confirms that Plaintiff's allegation is incorrect. Patty Purchase never admitted to having lied to the Plaintiff in any telephone call. Instead, she testified that when Tanielle Shurney called to confirm her room reservation on the evening before her arrest, Ms. Purchase simply told her that the reservation was being held. She did not inform Plaintiff Shurney that the

reservation was "valid", but she testified that she "let her know she could come at noon for her passes by going to her hotel, and that was it." Patty Purchase Deposition Transcript, p. 26. Although Ms. Purchase testified that she did not inform Plaintiff Shurney of the ongoing police investigation into the fraudulent use of Tonya Traylor's debit card, she explained that "I was told there was an investigation, and I'm not impeding an investigation." Patty Purchase Deposition Transcript, p. 27. She further stated "I was instructed that there was an investigation, and being intelligent, I would assume you would not impede that. You know, you can't–I can't stop that from happening. I am not going to interfere with an investigation." Patty Purchase Deposition Transcript, p. 28.

   2.  *"Ms. Purchase knew from her own contacts with the owner of the debit card that the subject reservation was cancelled." Plaintiff Shurney's Response, p. 6.*

Theft victim Tonya Traylor was deposed in Streetsboro, Ohio on January 11, 2006. Ms. Traylor specifically denied that she ever instructed anyone at the Splash Lagoon reservation center to cancel the reservation for Plaintiff Tanielle Shurney. Indeed, Plaintiff's counsel asked the theft victim "On July 2, you were at least under the clear impression that the reservation that was made was cancelled?" Ms. Traylor replied "No. I was just calling to report to say that it wasn't mine. I didn't know what the process was of whether it was cancelled or not." Tonya Traylor Deposition Transcript, pp. 37-38. Thus, the record does not support Plaintiff's contention that the reservation was cancelled when Plaintiff Tanielle Shurney called to confirm the reservation on the evening before her arrest.

   3.  *"Ms. Purchase also failed to notify Trooper Pierce that Tracey Smith made the reservation and that Lisa Chapman used the number to obtain other goods and services." Plaintiff Shurney's Response, p. 6.*

There is no evidence in the record that Ms. Purchase ever knew of anyone named "Lisa Chapman" or that she was aware of other purchases fraudulently made with theft victim Tonya Traylor's debit card. The record confirms that she was not questioned by Trooper Pierce at the time of the arrest. Patty Purchase Deposition Transcript, pp. 33-34. She did testify, however, that she communicated with Streetsboro, Ohio Police Officer Jon Hurley, and faxed to him Splash Lagoon reservation documents which contained the name of Tracey Smith. Indeed, Plaintiff's counsel inquired of Ms. Purchase "What information did you fax him?" Ms. Purchase replied, "These items that you see here. The–who made it, when it was made, and what are the addresses that we had on it." Patty Purchase Deposition Transcript, p. 22. Nothing in the record supports Plaintiff's contention that Ms. Purchase intentionally withheld information from any police agency.

Finally, Plaintiff Shurney failed to deny the Concise Statements of Fact submitted by Scott's Econo Inn, Inc., Scott's Splash Lagoon, Inc., and Trooper Sean Pierce. She failed to refer this Court to any evidence in the record to support her contention that probable cause did not exist for her arrest, or to support her contention that Scott's Econo Inn, Inc. and Scott's Splash Lagoon, Inc. somehow initiated or instigated the arrest. To the contrary, the record is overwhelming that Tonya Traylor's debit card was used to fraudulently purchase Tanielle Shurney's hotel reservation, that Tanielle Shurney appeared to claim the reservation, and that probable cause existed for her arrest. The police investigation started long before the minimal, basic cooperation of Econo Inn and Splash Lagoon employees with the police criminal

investigation. For these reasons, and for the reasons set forth in the Joint Motion for Summary Judgment, Splash Lagoon, Inc. should be dismissed from this lawsuit.

Respectfully submitted,

MURPHY TAYLOR, L.L.C.

By: "s/"Gary D. Bax, Esq.
Gary D. Bax, Esq.
900 State Street, Suite 202
Erie, Pennsylvania 16501
Telephone: (814) 459-0234
Fax: (814)456-2540
Email: G_Bax@msn.com
PA38520
*Attorneys for Scott's Splash Lagoon, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of Scott's Splash Lagoon, Inc.'s Reply Brief in Support of Joint Motion for Summary Judgement was electronically served upon all counsel of record, this the 2nd day of May, 2006:

Respectfully submitted,

MURPHY TAYLOR, L.L.C.

By: "s/"Gary D. Bax, Esq.
Gary D. Bax, Esq.
900 State Street, Suite 202
Erie, Pennsylvania 16501
Telephone: (814) 459-0234
Fax: (814)456-2540
Email: G_Bax@msn.com
PA38520
*Attorneys for Scott's Splash Lagoon, Inc.*