IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**TANIELLE SHURNEY,**
           *Plaintiff,*

vs.

**SCOTT'S ECONO INN, INC.**
**SCOTT'S SPLASH LAGOON, INC.**

**SEAN PIERCE, INDIVIDUALLY AND IN**
**HIS CAPACITY AS A TROOPER OF**
**THE PENNSYLVANIA STATE POLICE**

**JOHN DOE, INDIVIDUALLY AND IN**
**HIS CAPACITY AS THE SUPERVISOR**
**OF TROOPER SEAN PIERCE OF THE**
**PENNSYLVANIA STATE POLICE**
           *Defendants*

No. CA 05-196 Erie
CIVIL ACTION
ELECTRONICALLY FILED PLEADING

**SCOTT'S SPLASH LAGOON, INC.**
**AND SCOTT'S ECONO INN, INC.'S**
**OBJECTIONS AND RESPONSE TO**
**PROPOSED FINDINGS OF FACT**

Filed on behalf of Scott's Splash Lagoon, Inc. and Scott's Econo Inn, Inc.

Counsel of Record for these parties

Gary D. Bax, Esq.
MURPHY TAYLOR, L.L.C.
900 State Street, Suite 202
Erie, Pennsylvania 16501
Telephone: (814) 459-0234
Fax: (814) 456-2540
Email: G_Bax@msn.com
PA38520
*Attorneys for Scott's Splash Lagoon, Inc.*

Gerald J. Hutton, Esq.
BASHLINE & HUTTON
One Oliver Plaza, Suite 3500
210 Sixth Ave.
Pittsburgh, PA 15222
Telephone: (412) 434-0201
Fax: (412) 434-0521
E-mail: Gerald.Hutton@LibertyMutual.com
PA23098
*Attorneys for Scott's Econo Inn, Inc.*

**JURY TRIAL DEMANDED**

**SCOTT'S SPLASH LAGOON, INC. AND SCOTT'S ECONO INN, INC.'S OBJECTIONS AND RESPONSE TO PROPOSED FINDINGS OF FACT**

NOW COME the Defendants, Scott's Splash Lagoon, Inc. and Scott's Econo Inn, Inc., by and through their undersigned attorneys, and state these objections and responses to Plaintiff's Proposed Findings of Fact.

A.  *Plaintiff failed to respond to the Concise Statements of Fact of Defendants Pierce, Econo Inn, Inc., and Scott's Splash Lagoon, Inc.*

1. Plaintiff Tanielle Shurney failed to respond to the Defendants' Concise Statement of Material Facts as required by L.R. 56.1(c)(1), and therefore those facts should be deemed admitted, pursuant to L.R. 56(E).

B.  *Response to Plaintiff's Proposed Findings of Fact*

**OBJECTION - Defendants Scott's Econo Inn, Inc. and Scott's Splash Lagoon, Inc. object to, and move to strike, all of Plaintiff's Proposed Findings of Fact because they are not in compliance with L.R. 56.1B.1. This rule mandates that "...a party must cite to a particular pleading, deposition, answer to interrogatories, admission on file or other part of the record supporting the party's statement, acceptance, or denial of material fact." Plaintiff's failure to comport with this Rule and provide specific references to the record precludes these Defendants from being able to admit, deny or otherwise respond in an appropriate manner to Plaintiff's Proposed Findings of Fact. Without waiving these objections, these Defendants respond as follows:**

1. Denied as stated. Tonya Traylor contacted Key Bank regarding unauthorized purchases through the use of her debit number, and then contacted Officer Hurley. Traylor Deposition Transcript, pp. 13, 16-17.

2.   Denied.  A name associated with the purchases was Lisa Chapman.  Traylor Deposition Transcript, pp. 19-20.  It is denied that this is a fact material to Defendants' Joint Motion for Summary Judgment.

3.   Admitted.  It is denied that this is a fact material to the Defendants' Joint Motion for Summary Judgment.

4.   Denied.  Defendants only know that a woman, who was identified by Plaintiff as Tracey Smith, provided the debit card number to Splash Lagoon reservation center.  Purchase Deposition Transcript, pp. 16-18.  It is denied that this proposed finding of fact is material to Defendants' Joint Motion for Summary Judgment.

5.   Admitted.  It is denied that this proposed finding of fact is material to Defendants' Joint Motion for Summary Judgment.

6.   Admitted.  It is denied that this proposed finding of fact is material to Defendants' Joint Motion for Summary Judgment.

7.   Admitted.  It is denied that this proposed finding of fact is material to Defendants' Joint Motion for Summary Judgment.

8.   Denied.  The reservation was made in the name of Tanielle Shurney through the use of a fraudulently obtained debit card number, and Tanielle Shurney claimed the reservation.  Shurney Deposition Transcript, pp. 21-25, 33-34.

9.   Admitted.  It is denied that this proposed finding of fact is material to Defendants' Joint Motion for Summary Judgment.

10. Denied. The discovery record does not support this finding of fact. Further, this proposed finding of fact is not material to Defendants' Joint Motion for Summary Judgment.

11. Admitted.

12. Denied. The record does not support these contentions.

13. Denied as stated; Splash Lagoon refunded the hotel reservation expense to Tonya Traylor. Traylor Deposition Transcript, p. 25. This proposed finding of fact is not material to Defendants' Joint Motion for Summary Judgment.

14. Admitted. This proposed finding of fact is not material to Defendants' Joint Motion for Summary Judgment.

15. Denied. This proposed finding of fact is not material to Defendants' Joint Motion for Summary Judgment.

16. Denied as stated. Splash Lagoon records indicate that Plaintiff made the reservation and used her home address. Purchase Deposition Transcript, p. 25.

17. Denied. This proposed finding of fact is not material to Defendants' Joint Motion for Summary Judgment.

18. Denied. There is no support in the record for this proposed finding of fact. Additionally, this proposed finding of fact is not material to Defendants' Joint Motion for Summary Judgment.

19. Denied. Plaintiff Tanielle Shurney telephoned Splash Lagoon reservation center, and identified another person as Tracey Smith. This person provided a debit number which paid for Tanielle Shurney's reservation. Purchase Deposition Transcript, pp. 16-18.

20. Denied as stated. A woman who identified herself as Tanielle Shurney, in fact, contacted Splash Lagoon on July 2, 2004 to confirm the reservation. Purchase Deposition Transcript. P. 24. Further, this proposed finding of fact is not material to Defendants' Joint Motion for Summary Judgment.

21. Denied. Further, this proposed finding of fact is not material to Defendants' Joint Motion for Summary Judgment.

22. Denied. Further, this proposed finding of fact is not material to Defendants' Joint Motion for Summary Judgment.

23. Denied. This is irrelevant speculation. Further, this proposed finding of fact is not material to Defendants' Joint Motion for Summary Judgment.

24. Denied. The reservation was not cancelled. Traylor Deposition Transcript, pp. 37-38. The manager did not lie. Trooper Pierce testified that the information he obtained from the Econolodge clerk regarding the reservation and Ms. Shurney was accurate. Pierce Deposition Transcript, pp. 51-53. Further, this proposed finding of fact is not material to Defendants' Joint Motion for Summary Judgment.

25. Denied. Further, this proposed finding of fact is not material to Defendants' Joint Motion for Summary Judgment.

26. Denied. Further, this proposed finding of fact is not material to Defendants' Joint Motion for Summary Judgment.

27. Denied.

28. Denied.

29. Denied. This calls for a legal conclusion, not a finding of fact. At the time of her arrest, the Plaintiff had two IDs, one of which was not her own. Shurney Deposition Transcript, p. 38. Further, the Pennsylvania Criminal Code and Rules of Criminal Procedure permitted the arrest by Defendant Pierce. Pierce Deposition Transcript, pp. 24-25, 48-49, 55-56.

30. Denied. This proposed finding of fact is not material to Defendants' Joint Motion for Summary Judgment.

31. Denied. This proposed finding of fact is not material to Defendants' Joint Motion for Summary Judgment.

32. Denied. Further, this proposed finding of fact is not material to Defendants' Joint Motion for Summary Judgment.

33. Denied as stated. It is admitted that Plaintiff waived her Miranda rights, and thereafter offered an alibi. It is admitted that she discussed a person named "Tracey Smith", but Plaintiff equivocated on the nature of her relationship with Tracey Smith. Pierce Deposition Transcript, pp. 51-53. The remaining proposed finding of facts are denied. Further, this proposed finding of fact is not material to Defendants' Joint Motion for Summary Judgment.

34. Denied. Trooper Pierce attempted to locate Tracey Smith, but could not do so with any address provided by Plaintiff. Pierce Deposition Transcript. 31. Further, this proposed finding of fact is not material to Defendants' Joint Motion for Summary Judgment.

Wherefore, Defendants Scott's Splash Lagoon, Inc. and Scott's Econo Inn, Inc. respectfully request that this Court grant their Joint Motion for Summary Judgment, with costs, attorneys fees, and such other relief that the Court deems appropriate.

          Respectfully submitted,

          MURPHY TAYLOR, L.L.C.

          By: "s/"Gary D. Bax, Esq.
          Gary D. Bax, Esq.
          900 State Street, Suite 202
          Erie, Pennsylvania 16501
          Telephone: (814) 459-0234
          Fax: (814)456-2540
          Email: G_Bax@msn.com
          PA38520
          *Attorneys for Scott's Splash Lagoon, Inc.*

          BASHLINE & HUTTON

          By: "s/" Gerald J. Hutton, Esq.
          Gerald J. Hutton, Esq.
          One Oliver Plaza, Suite 3500
          210 Sixth Ave.
          Pittsburgh, PA 15222
          Telephone: (412) 434-0201
          Fax: (412) 434-0521
          E-mail: Gerald.Hutton@LibertyMutual.com
          PA23098
          *Attorneys for Scott's Econo Inn, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of Scott's Splash Lagoon, Inc. and Scott's Econo Inn, Inc's Objections and Response to Proposed Findings of Fact was electronically served upon all counsel of record, this the 2nd day of May, 2006:

Respectfully submitted,

MURPHY TAYLOR, L.L.C.

By: "s/"Gary D. Bax, Esq.
Gary D. Bax, Esq.
900 State Street, Suite 202
Erie, Pennsylvania 16501
Telephone: (814) 459-0234
Fax: (814)456-2540
Email: G_Bax@msn.com
PA38520
Attorneys for Scott's Splash Lagoon, Inc.