IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TANIELLE SHURNEY,          ) | |
| )| |
| Plaintiff,          ) | |
| ) | Civil Action No. 05-196E |
| V.          ) | Judge Sean J. McLaughlin |
| ) | |
| SCOTT ENTERPRISES, INC.;          ) | |
| TROOPER SEAN PIERCE;          ) | |
| JOHN DOE,          ) | |
| ) | |
| Defendants.          ) | |

### DEFENDANT TROOPER SEAN PIERCE'S OBJECTIONS AND RESPONSE TO PLAINTIFF'S PROPOSED FINDINGS OF FACT

AND NOW, comes the Defendant, Trooper Sean Pierce, by his attorneys, Thomas W. Corbett, Jr., Attorney General, Susan H. Malone, Chief Deputy Attorney General and Susan J. Forney, Chief Deputy Attorney General, Chief Litigation Section, and submits the following Objections and Response to Plaintiff's Proposed Findings of Fact.

### *Objections*

Plaintiff failed to respond to each numbered paragraph of defendant's Concise Statement of Material Facts as required by LR 56.1(C)(1) and defendant's Concise Statement of Material Facts should be deemed admitted.

Plaintiff's Proposed Findings of Fact do not include references to the record as required by L.R. 56.1B.1 and they should be disregarded or stricken. Without waiving these objections, defendant Pierce respond to the Proposed Findings of Fact as follows:

### *Response*

1. Denied as stated. Officer Hurley was the first law enforcement officer to receive plaintiff's complaint. Traylor Depo. Tr. 13, 16-17.

2. Admitted.

3. Admitted.

4. Denied, but immaterial.

5. Admitted.

6. Admitted.

7. Admitted.

8. Denied, but immaterial. Trooper Hurley had evidence that Tanielle Shurney's name was on the reservation made with the stolen debit card. Hurley Depo. Tr. 20-21.

9. Admitted.

10. Denied as stated. Officer Hurley testified that he provided PSP with his report at some point after her arrest. Hurley Depo. Tr. 25.

11. Admitted.

12. Denied, but immaterial.

13. Denied as stated. Splash Lagoon refunded the hotel expense which had been charged to Tonya Traylor's debit card. Traylor Depo. Tr. 25.

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

18. Denied, but immaterial.

19. Denied, but immaterial. A woman identifying herself as Tanielle Shurney made the reservation.

20. Admitted.

21. Admitted.

22. Denied as stated, but immaterial. There is nothing in the record to support this.

23. Admitted.

24. Denied as stated, but immaterial. There is nothing in the record to support this.

25. Admitted.

26. Admitted in part. It is admitted that Trooper Pierce was not told that Tracey Smith provided the debit card number to secure the reservation until after the arrest was made. The remaining averments are denied, but immaterial.

27. Denied. This proposed factual finding is wholly unsupported by the record. Pierce Depo. Tr. 10-12, 19, 24, 29, 42, 48-51, 55 and deposition exhibits.

28. Denied. This proposed factual finding is wholly unsupported by the record.

29. Denied. This proposed factual finding is a conclusion of law which is unsupported by the record.

30. Denied. Plaintiff could have been released from the Erie County Prison immediately if she had timely posted bond. (Shurney Depo. Tr. 42-44, 98).

31. Denied. This proposed factual finding is a conclusion of law.

32.	Denied, but immaterial. Plaintiff stated this for the first time at her deposition. Her testimony was contrary to the information provided to defendant Pierce after her arrest.

33.	Admitted that plaintiff waived her Miranda rights. The remaining statements are denied, but immaterial. Plaintiff told Trooper Pierce after her arrest that Tracy Smith provided the debit card account number to secure the reservation and that Tracy Smith was like a sister to her.

34.	Denied, but immaterial. Plaintiff provided "an" address for Tracey Smith. Trooper Pierce was unable to locate anyone by the name of Tracy Smith at the address provided by plaintiff. Pierce Depo. Tr. 30-31, 54.

WHEREFORE, as plaintiff has failed to comply with the requisites of L.R. 56.1 and has failed to come forward with any material issues of fact in dispute, it is respectfully submitted that defendant Pierce's Motion for Summary Judgment should be granted.

Respectfully submitted,

**Thomas W. Corbett, Jr.**
Attorney General

BY:	\s\ Susan H. Malone
SUSAN H. MALONE
Chief Deputy Attorney General
PA I.D. No. 30280

SUSAN J. FORNEY
Chief Deputy Attorney General
Chief Litigation Section

OFFICE OF ATTORNEY GENERAL
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA  15219

(412) 565-7680

Date: May 3, 2006

Case 1:05-cv-00196-SJM    Document 51    Filed 05/03/2006    Page 5 of 6

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Reply to Plaintiff's Proposed Statement of Facts was electronically served on all counsel of record, this 3rd day of May, 2006.

                By:    \s\ Susan H. Malone
                        Susan H. Malone, Esq.
                        564 Forbes Avenue
                        Manor Complex – 6th Floor
                        Pittsburgh, PA  15219
                        412-565-7680
                        smalone@attorneygeneral.gov
                        Pa. ID 30280
                        Attorney for Defendant Trooper Sean Pierce