IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TANIELLE SHIRNEY,

        PLAINTIFF

vs.

SCOTT'S ECONO INN INC
SCOTT'S SPLASH LAGOON, INC

CA-05-196E

SEAN PIERCE, INDIVIDUALLY AND
IN HIS CAPACITY AS A TROOPER
OF THE PENNSYLVANIA STATE POLICE

JOHN DOE, INDIVIDUALLY AND IN
HIS CAPACITY AS THE SUPERVISOR
OF TROOPER SEAN PIERCE
                    DEFENDANTS


ON BEHALF OF TANIELLE SHURNEY PLAINTIFF


A.J. ADAMS, Esq.
ATTORNEY FOR PLAINTIFF
602 West 9th. Street
Erie, Pa. 16502
814-456-3681
Pa. # 34345

U.S. DISTRICT COURT
CLERK

'06 JUL 20 AM 10:19

FILED

Page 1

NOTICE OF APPEAL

THE PLAINTIFF HEREBY APPEALS THE JUNE 23RD ORDER GRANTING SUMMARY JUDGMENT IN FAVOR OF ALL THE DEFENDANTS.

AS REFLECTED IN THE ISSUES RAISED, THIS APPEAL APPLIES TO ALL DEFENDANTS.

ISSUES RAISED ON APPEAL

1. DID THE FACTS KNOWN TO DEFENDANT PIERCE PRIOR TO THE APPELLANT'S PRELIMINARY ARRAIGNMENT, COUPLED WITH THE MATERIALLY FALSE STATEMENTS MADE IN THE AFFIDAVIT OF PROBABLE CAUSE AND DEFENDANT PIERCE'S FAILURE TO ATTEND THE PRELIMINARY ARRAIGNMENT VIOLATE THE APPELLANT'S RIGHT TO DUE PROCESS OF LAW THEREBY CONTRAVENING HER FEDERALLY PROTECTED CIVIL RIGHTS.

2. DID THE TRIAL COURT ABUSE ITS DISCRETION IN GRANTING SUMMARY JUDGMENT BY;

A. RELYING UPON AN ALLEGED SERIES OF TELEPHONE CALLS THE CONTENTS OF WHICH WOULD NOT BE ADMISSIBLE AT TIME OF TRIAL.

B. UTILIZING THE APPELLANT'S CONSTITUTIONALLY GUARENTEED RIGHT TO POST-ARREST SILENCE AS A BASIS FOR DISMISSING HER CLAIM.

C. FAILING TO DENY SUMMARY JUDGMENT IN LIGHT OF DEFENDANT PIERCE'S MATERIALLY FALSE STATEMENT IN HIS AFFIDAVIT OF PROBABLE CAUSE WHERE-IN HE INDICATED THAT THE APPELLANT ATTEMPTED ' TO PAY FOR THE ROOM USING A CREDIT CARD THAT DID NOT BELONG TO HER' WHICH IMPLIED THAT THE APPELLANT WAS IN ACTUAL PHYSICAL POSSESSION OF A STOLEN CARD.

D. MAKING A CREDIBILITY JUDGMENT THAT THE APPELLANT'S CORROBORATED EXPLANATION OF INNOCENCE WAS NOT BELIEVABLE DESPITE THE LACK OF ANY ADMISSIBLE EVIDENCE OF THE APPELLANT'S INVOLVEMENT IN ANY CRIME.

E. FAILING TO TAKE INTO ACCOUNT THE FACT THAT PRIOR TO HER PRELIMINARY ARRAIGNMENT DEFENDANT PIERCE KNEW THAT THE APPELLANT PROVIDED VALID IDENTIFICATION, HAD NO PRIOR RECORD OR OUTSTANDING WARRANTS, PROVIDED A CORROBORATED EXPLA-NATION OF INNOCENCE AND THAT THERE WERE NO EXIGENT CIRCUM-STANCES REGARDING THE ALLEGED THEFT OF UNDER TWO-HUNDRED DOLLARS IN SERVICES.

F. CONCLUDING THAT DEFENDANT PIERCE MADE A 'REASONABLY THOROUGH INVESTIGATION PRIOR TO APPELLANT'S ARREST.

G. DENYING A REMEDY TO AN INNOCENT BLACK WOMAN WHO WAS ARRESTED IN FRONT OF HER CHILDREN, INCARCERATED FOR A WEEK AND CLEARED OF ALL CHARGES AT HER PRELIMINARY HEARING.

H. FAILING TO USE THE PROPER LEGAL STANDARD REGARDING

THE ACTIONS OF THE EMPLOYEES OF THE REMAINING DEFENDANTS WHICH EITHER CAUSED OR SIGNIFICANTLY CONTRIBUTED TO THE ARREST OF THE APPELLANT.

                                                RESPECTFULLY SUBMITTED,

                                                A.J. ADAMS
                                                ATTORNEY FOR APPELLANT
                                                PA. 34345

## CERTIFICATE OF SERVICE

A TRUE AND CORRECT COPY OF THIS NOTICE AND ISSUES PRESENTED WAS SERVED UPON ALL COUNSEL OF RECORD AT THEIR RESPECTIVE OFFICES VIA FIRST CLASS MAIL ON JULY 21ST.

                                                                 A.J. ADAMS